THE STATE, Appellant, v. T. J. DOUGLASS.

Division Two, February 6, 1912.

1. **EMBEZZLEMENT: Public Officer: Limitations.** An indictment of a county collector of the revenue for embezzlement of moneys received by him as such is not barred for five years after the offense was committed, under Sec. 4945, R. S. 1909.

2. **CORRUPTION IN OFFICE: Application of Statute: To What Officers.** Sec. 4945, R. S. 1909, providing that "indictments or informations for bribery, or for corruption in office may be prosecuted if found or filed within five years after the commission of the offense," does not apply only to judicial or quasi-judicial officers, but applies as well to ministerial or executive officers who commit such crimes as amount to corruption in office. It applies to a county collector who embezzles money collected by him as such, and permits his prosecution within five years after the commission of the offense.

3. ——————: ——————: **To What Offenses: Bribery.** The said statute does not apply to bribery alone. While neither this statute nor any other specifically designates any crime as "corruption in office" the words "corruption in office" as used in this statute were intended to cover all crimes which amount to a felony when intentionally committed by a ministerial or judicial officer.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker,* Judge.

REVERSED AND REMANDED.

*Elliott W. Major,* Attorney-General, and *Campbell Cummings,* Assistant Attorney-General, for the State.

(1) Respondent contends that under Sec. 4945, R. S. 1909, the alleged offense was barred within the three years, and so the trial court held. Appellant contends that said offense comes under the term "corruption in office," and consequently respondent can be prosecuted, as the indictment was returned or filed within five years after the date of the commission of the offense. Sec. 2419, R. S. 1899 (Sec. 4945, R. S. 1909), was repealed in 1905 and a new section enacted in lieu thereof, which read the same as the old section, except as to the addition of the five-year limitation. This new limitation clause has not yet received judicial consideration. The only late case that we find concerning the statute is the one of State v. McMahon, 234 Mo. 611, which construes simply the three-year limitation. "Corruption" is a very broad term, much broader than bribery, and yet may include bribery. In the new edition of Webster's Dictionary we find the word "corruption" defined as: first, the act of corrupting, or state of being corrupted; third, perversion or deterioration of moral principles, loss of purity or integrity, debasement, perversion, depravity, wickedness, impurity, bribery. The term "corrupt" is so broad that it does not necessarily mean a

benefit to the person so acting. In short, one may be guilty of corruption without any personal advantageous results. Burkharth v. Stephens, 117 Mo. App. 434; State v. Ragsdale, 59 Mo. App. 590; 10 Cyc. 1368; Wight v. Rindskopf, 43 Wis. 351; Ency. Law Dict., p. 210; 2 Words & Phrases, 1629. (2) This maxim of *ejusdem generis* is invoked by respondent with the claim that said section 4945, by using the particular word "bribery" followed by the general word "corruption," is limited in its meaning and restricted in its operation to crimes of like kind with that mentioned, viz., bribery. The aforesaid maxim cannot be applied in regard to the said Statute of Limitations because in all the cases in this State and elsewhere where the maxim has been applied, the general word has always been preceded by the word "other." If the statute read, "except indictments for bribery or for other corruptions in office," the maxim would apply and respondent's contention would be unanswerable. State v. Schuchmann, 113 Mo. 111. That the Legislature intended by the enactment of the amendment to the limitation statute not only to raise the limitation from three to five years against all officers for bribery, but intended that they should not escape any more readily for any other act of corruption, i. e., of dishonesty, than for a dishonest act of bribery, is clear and in keeping with the statute "that words and phrases should be taken in their plain, or ordinary and usual sense." Sec. 8057, R. S. 1909.

*J. L. Fort* and *McKay & McKay* for respondent.

(1) In the phrase "for bribery or for corruption in office" the word "or" should be construed as the equivalent in meaning of the words "being," or "consisting of," or "that is to say," or "to-wit," making said phrase read "for bribery—being corruption in office," or "for bribery consisting of corruption in

office," or "for bribery—that is to say, corruption
in office," or "for bribery, to-wit, corruption in office."
People v. Bank, 159 N. Y. 382; Downs v. Allen, 22
Fed. 805; Arthur v. Cummins, 91 U. S. 362; Bloomin-
thal v. Insurance Co., 96 N. W. 17; People v. Lathan,
203 Ill. 9; Comm. v. Grey, 68 Mass. 501; Brown v.
Comm., 8 Mass. 59; People v. Nordheim, 99 Ill. 553. (2)
The words "or for corruption in office" fall under the
rule which prescribes that where general words follow
particular ones, they are to be construed as applicable
to things or persons of a like nature. The doctrine
of *ejusdem generis* is as rockribbed in the law of this
State as any principle ever announced. As applied to
penal statutes especially, it is only a humane doctrine,
and accentuates the wisdom of the fathers when they
objected to being punished for offenses which had not
been declared to be offensive by the law. Ex parte
Joseph Neet, 157 Mo. 535. (3) The St. Louis Court
of Appeals in the case of State v. Flynn, 94 S. W. 543,
held that the rule that a corrupt motive must be al-
leged and proved applies when the misconduct related
to judicial or quasi-judicial duty—that it has no ap-
plication to executive or ministerial duties. Was the
act of appropriating public money judicial? (4) Our
statute has not defined "corruption in office." What,
then, is corruption in office? When was corruption in
office elevated to a felony in this State, except as an
incident to bribery in office? "Corruption in office"
and "official corruption" must mean the same thing.
The act must be official—that is, it must be such an
act as a private individual would have no power to
perform, and it must also be corrupt. Conversion,
or embezzlement of public funds, by an officer charged
with the custody thereof, is not "corruption in office,"
and therefore the judgment of the trial court was right
and should be affirmed.

BROWN, J.—Indictment under section 4556, Revised Statutes 1909, charging embezzlement by a public officer of more than thirty dollars. From a judgment of the circuit court of Dunklin county sustaining a demurrer to the indictment, the State appeals.

On February 17, 1911, the grand jury of Dunklin county returned an indictment containing four counts, in each of which it is charged that on March 1, 1906, the defendant embezzled certain sums of money exceeding thirty dollars, which money he had received as collector of the revenue of Dunklin county, Missouri.

The defendant interposed a demurrer to the indictment on the sole ground that the offense charged was barred by the Statute of Limitations.

As more than three years had elapsed after the commission of the alleged crime before the prosecution was instituted, it is manifest that the demurrer was properly sustained, unless the crime of embezzlement by a public officer is covered by the last clause of section 4945, Revised Statutes 1909, which reads: ". . . except indictments or informations for bribery, or for corruption in office may be prosecuted if found or filed within five years after the commission of the offense."

It is contended by respondent that the above quoted provision applies only to judicial or quasi-judicial officers, citing State v. Flynn, 119 Mo. App. 712; but we find that such is not the case. A ministerial or executive officer may commit such crimes as will amount to corruption in office. [1 Bishop's New Criminal Law, sec. 299.]

Respondent also contends that the words "or for corruption in office," as used in said section 4945, do not embrace any other class of crimes than bribery; that the disjunctive word "or" in said section means "to-wit;" in other words, that the statute should be

read, "bribery, to-wit, corruption in office." We do not believe this section will bear any such construction. The authorities cited by respondent do not sustain his theory. The word "bribery," as used in this statute, does not qualify the words, "or for corruption in office;" but the latter words may qualify the word "bribery," as so used, so as to make it apply only to bribery by or of a public officer. [People v. Nordheim, 99 Ill. 553.]

Corruption is a very broad word and as usually spoken or written, means moral turpitude, or exactly the opposite of honesty. "Corruption wins not more than honesty."

Our criminal statutes do not specifically designate any crimes as "corruption in office." The nearest approach to such a designation is found in section 4411, prohibiting "malicious oppression, partiality, misconduct or abuse of authority . . . under color of office;" and section 4412, entitled "Fraud in Office;" but as a violation of those statutes only amounts to a misdemeanor, the General Assembly could not have had them in mind in enacting the statute now under consideration, because it only purports to fix the limitations for the prosecution of felonies.

"Corruption includes bribery, but is more comprehensive, because an act may be corruptly done though the advantage to be derived from it be not offered by another." [Bouvier's Law Dictionary.]

It is defined in 10 Cyc. 1368, as "something against the law; something forbidden by law . . . an act done with intent to gain advantage not consistent with official duty and the rights of others." The words "corruption in office" would undoubtedly cover the act of an officer in accepting a bribe, yet as the Legislature used the specific word bribery in this statute, it must have intended to designate other crimes by the added phrase, "or for corruption in office." It would

be ridiculous to say that the General Assembly meant to preserve for the State during a period of five years the right to prosecute a county judge or city alderman who for a bribe voted for an illegal disbursement of public funds, but did not wish to preserve for the same length of time the right to prosecute a collector of taxes who had willfully appropriated to his own use funds belonging to the public. Such a construction would ascribe to our law-making body the grossest imbecility.

A county judge in voting for an illegal claim may be corrupted and led away from the path of official duty by a bribe or other unlawful inducement of another person; but who can truthfully say that he is guilty of corruption in office and at the same time contend that a tax collector who without inducement of any kind except his own corrupt greed for cash has willfully embezzled the public funds entrusted to his custody, is not likewise guilty of corruption?

The tenure of a great many public offices in Missouri continue for a term of four years; and this statute was doubtless intended to preserve to the State the right to prosecute such officers after their terms expire for such willful and corrupt violation of law as they may have committed while in office. It is a notorious fact that officers can and frequently do so completely conceal their embezzlements that their crimes are not detected until their official records pass into the hands of their successors; and it was doubtless to meet just such cases that the statute under consideration was enacted. [Southwest Missouri Light Company v. Scheurich, 174 Mo. 235.]

There are a great many felonies which may be committed by public officers besides bribery and embezzlement, to-wit, receiving benefits from the deposit of public funds, Secs. 4558 and 4559, R. S. 1909; corruptly allowing and auditing claims, Sec. 4560, R. S.

1909; unlawful disbursement of public moneys, Sec. 4561, R. S. 1909; failing to pay over excess fees collected, Sec. 4563, R. S. 1909. It would therefore have been well nigh impossible for the General Assembly to have recited all these crimes in the Statute of Limitations, and in using the broad words, "corruption in office," they found a comprehensive phrase intended to cover every class of crimes which amounts to a felony when intentionally committed by a ministerial or judicial officer.

Finding that the trial court erred in sustaining the demurrer, its judgment is reversed and the cause remanded for a trial on the indictment. *Ferriss, P. J.,* and *Kennish, J.,* concur.