THE STATE v. D. C. HOWELL, Appellant.— 296 S. W. 370.

Division Two, June 3, 1927.

**1. CIRCUIT CLERK: Embezzlement: Limitations.** A circuit clerk, who appropriates public money coming into his hands, may be prosecuted, for embezzlement, under Section 3334, Revised Statutes 1919, providing that if any officer appointed or elected by virtue of the Constitution, or any mortgagee, trustee, or executor, shall convert to his own use in any manner, or make away with or secrete any moneys that may come to him by virtue of his office, etc.; and such prosecution may be begun within five years after the offense was committed.

**2. PUNISHMENT: Different Grades of Offense: Embezzlement.** There is no authority or principle of law preventing the Legislature from including in the same statute different offenses of the same general character, or from prescribing different punishments for different kinds of offenses. Because Section 3334, Revised Statutes 1919, includes in its terms embezzlement by an officer and embezzlement by an administrator or other technical trustee, it is not objectionable. No different punishments are provided by it, but all offenders against whom it is directed are punished the same as persons guilty of larceny, and the range of the punishment may vary with the gravity of the offense in each individual case.

**3. EMBEZZLEMENT: Corruption in Office: Definition: Limitations.** The words "corruption in office" used in Section 3737, Revised Statutes 1919, declaring that "indictments for bribery or corruption in office may be prosecuted if found within five years after commission of the offense," are not used as an alternative for bribery, but are a generic term, and include bribery as one form of corruption, and embezzlement by an official as another form of corruption in office; and an embezzlement by a circuit clerk is not barred in three years, but an information charging him with embezzling public moneys may be filed within five years.

**4. ————: ————: Equal Protection: Different Periods of Limitation.** The rule of law that a statute relating to criminal procedure is void as a denial of the equal protection of the laws "if it prescribes a different procedure in the case of persons in like situation" is subject to legislative discretion in many instances, one of which is that the Legislature may determine that enumerated offenses do not necessarily affect "persons in like situation," but may provide methods in particular classes of cases, so that persons of

a designated character may be dealt with under different procedure from that applied to persons of a different character for the same offense. So that Section 3737, Revised Statutes 1919, declaring that "indictments for bribery or corruption in office may be prosecuted if found within five years after the commission of the offense," does not deny the equal protection of the laws guaranteed by the Fourteenth Amendment, in that it prescribes a different limitation period for bribery or corruption in office from that provided for other offenses which are classed as bribery and corruption in office by Section 3334. The reason for a limitation period of five years in the prosecution of officers and of three years for other offenders is that the terms of many officers is four years, and an officer, having charge of the books and records which show his dealings with the public money, may effectually conceal his embezzlements until after his four-year term has expired.

5. **EMBEZZLEMENT: Evidence: Examination of Books: Expert.** Testimony by an examiner from the State Auditor's office, who gives the result of his examination of his audit of the books of the defendant circuit clerk, and who testifies to his experience in examining county records, states the amount he found collected by defendant, the books from which he obtained the information, the books from which he found the amount turned into the county treasurer and the amount of defendant's shortage as shown by said books, is entirely competent. It would be impractical to have the jury examine the books and reach a conclusion therefrom, but such examination can be done satisfactorily only by an expert acquainted with the purpose and methods of keeping the books.

6. ——: ——: **Competent Proof: Exclusion: No Proffer.** Sustaining an objection to a question, asked of the county clerk, in a prosecution of the circuit clerk for embezzlement, by which the county clerk was asked to tell the jury what discrepancy, if any, he found between the circuit clerk's office and the county treasurer's office, cannot be held to be error on appeal, although the evidence sought to be elicited by the question may have been competent, if the appellant made no offer of proof, and there is nothing in the record apprising this court that the facts to which the witness would have sworn were pertinent to any issue in the case.

7. **INFORMATION: Verdict.** If the information sufficiently charges the offense under the statute, and the verdict is general, finding the defendant guilty as charged in the information, neither is subject to attack.

---

Corpus Juris-Cyc. References: **Constitutional Law**, 12 C. J., Section 954, p. 1186, n. 15, 16, 17. **Criminal Law**, 16 C. J., Section 31, p. 69, n. 21; Section 341, p. 223, n. 55; Section 1211, p. 615, n. 66; Section 2151, p. 851, n. 68; 17 C. J., Section 3464, p. 172, n. 44. **Statutes**, 36 Cyc., p. 1025, n. 8.

Appeal from Reynolds Circuit Court.—*Hon. E. M. Dearing*, Judge.

AFFIRMED.

*John H. Raney* and *Garry H. Yount* for appellant.

(1) The information filed does not charge the appellant with corruption in office. The information must specifically bring the defendant within all the material words of the statute. It is an inflexible rule in criminal pleading that in all indictments nothing can be left

to intendment or implication. The defendant will not be required to go beyond the pleading to learn the nature of the charge or the issue which he must meet. Mo. Constitution, Art. 2, sec. 22; State v. Murphy, 164 Mo. App. 204; State v. Keating, 202 Mo. 197; State v. Evans, 128 Mo. 406; State v. Wade, 267 Mo. 249; State v. Helderle, 203 Mo. 574; State v. Austin, 113 Mo. 538; State v. Gabriel, 88 Mo. 631; State v. Barnes, 220 S. W. 848. (2) Sec. 3737, R. S. 1919, provides that indictments and informations for felonies are required in three and five years. Indictments or informations for corruption in office must be filed within five years. The trial court in holding that this defendant, who was charged under Section 3334, could be convicted for alleged acts of embezzlements committed more than three and within five years from the date of the filing of the information, deprived appellant of his rights as guaranteed to him by Section 1 of the Fourteenth Amendment of the Constitution of the United States. State ex rel. v. Railway Co., 246 Mo. 512; Railway Co. v. Ellis, 165 U. S. 150; Billings v. Illinois, 188 U. S. 97; Lige v. Railroad Co., 275 Mo. 249; Fiske v. People, 188 Ill. 206; Van Harlinen v. Doyle, 134 Cal. 53; Barbier v. Connolly, 113 U. S. 27; Hayes v. Missouri, 120 U. S. 68; Yick v. Hopkins, 118 U. S. 356; Truax v. Corrigan, 257 U. S. 312; Cooley, Constitutional Limitations (4 Ed.) p. 491. (3) To permit the examiner, Henry M. Smith, to testify as to the funds received by appellant, more than three and within five years from the date of the filing of the information, denied this defendant equal protection of the law with others that might be charged under Sec. 3334, R. S. 1919, viz., mortgagees, trustees, executors, administrators, etc. Authorities cited last above. (4) The testimony of County Clerk Welch would have been competent. Such testimony would have shown errors in the audit of Henry M. Smith, and if it had reduced the amount to below thirty dollars, it would have shown to the jury that Smith was not an expert and would have discredited his testimony.

*North T. Gentry,* Attorney-General, and *Smith B. Atwood,* Assistant Attorney-General, for respondent.

(1) The information properly charges every element of the offense, and is sufficient. Sec. 3334, R. S. 1919; State v. Ross, 279 S. W. 405; State v. Noland, 111 Mo. 485; State v. Manley, 107 Mo. 366; State v. Findley, 101 Mo. 220; State v. Hays, 78 Mo. 602; State v. Flint, 62 Mo. 396; State v. Clarkson, 59 Mo. 150. (2) "Corruption in office" is a generic term, comprehending all acts the indulgence in which by public officers is made unlawful; but in itself is not made a crime separate and distinct from such specific unlawful acts. It includes

embezzlements by public officers, and the limitation is five years. State v. Douglass, 239 Mo. 674; State v. Ragsdale, 59 Mo. App. 603; 14a C. J. 1431. (3) The court properly permitted testimony of the general results of the audit by the witness who made the same. State v. Findley, 101 Mo. 223. (4) It was not error to reject the testimony of the county clerk to show discrepancies in the records of the Circuit Clerk and County Treasurer, because: (a) It does not appear that he knew of any such discrepancy. (b) Witness was not qualified as one having any special knowledge of such records. (c) Witness did not *ex-officio* have knowledge of any records other than his own. (d) If witness had any special knowledge of such records, offer of proof should have been so specifically directed. (e) The offer made at the trial was too vague, remote and general in its terms to impart notice to the court that witness could testify to any material matter included in the general offer. (f) It is not error to reject witness to testify generally that another witness is mistaken, as that is a question for the jury. State v. Osborn, 240 S. W. 820; State v. Linders, 299 Mo. 671; State v. Merrell, 263 S. W. 122; State v. Roberts, 280 Mo. 678; Kirkwood v. Cronin, 259 Mo. 214; State v. Perry, 267 S. W. 828. (5) The verdict was in proper form. State v. McBride, 231 S. W. 592; State v. Bacey, 267 S. W. 809.

WHITE, J.—The defendant was convicted and sentenced in the Circuit Court of Reynolds County, under Section 3334, Revised Statutes 1919, on a charge of embezzlement as an officer, November 25, 1925, and appealed.

In November, 1918, the defendant was elected Circuit Clerk and *ex-officio* Recorder of Deeds of Reynolds County, and assumed the duties of his office January 1, 1919. In the autumn of 1923, the State Auditor ordered an examination of the books and records of the appellant's office for the years 1919 to 1922. Henry M. Smith, examiner of county records, for the office of the State Auditor, made the examination. He testified that the defendant's books and records as circuit clerk showed the defendant had collected $2001.76, and had paid into the county treasury $1015.55, leaving a balance of $986.21 unaccounted for. The examiner explained in detail what he found, not only in defendant's books, but in the fee books and other books which he examined in the office of the sheriff and county treasurer.

Defendant denied that he received all the money which the examiner testified was shown by the books, and claimed he accounted for all he received.

I. Appellant challenges the constitutionality of the statute under which he was charged (Sec. 3334, R. S. 1919), as affected by the Statute of Limitations (Sec. 3737, R. S. 1919).

**Limitations.**

Section 3334 provides that if any officer appointed or elected by virtue of the Constitution of this State, or any mortgagee, trustee, executor, etc., shall convert to his own use in any manner, or make away with or secrete any moneys that may come to him by virtue of his office, or by virtue of the trust reposed in him, he shall, upon conviction, be punished "in the manner prescribed for stealing property of the kind or the value of the article so embezzled," etc.

Section 3737, a general Statute of Limitations, provides that no person shall be tried, prosecuted or punished for any felony (other than specified in a previous section), unless the indictment be found or information be filed within three years after the commission of the offense, "except indictments or informations for bribery or for corruption in office may be prosecuted if found within five years after the commission of the offense."

Appellant objects to Section 3334, because it includes in its terms embezzlement by an officer, as well as embezzlement by an administrator or other technical trustee; having classed them **Classification** together they are offenses of the same grade and **of Embezzlements.** character, and must be dealt with in exactly the same way.

It is entirely proper for the Legislature to prescribe different punishments for different kinds of offenses, and we know of no authority or principle which would prevent the Legislature from including in the same statute different offenses of the same general character. No different punishments are provided in the section, because all offenders against whom the section is directed are punished the same as persons guilty of larceny. The range of punishment may vary with the gravity of the offense in each individual case.

Appellant's principal argument is directed at Section 3737. He contends that "corruption in office" is a specific term, and does not apply to the offense of embezzlement charged here; that the expression "for bribery or for corruption in office" in Section 3737 means that corruption in office is the alternative for bribery; **Corruption** that the terms are used to mean the same thing. The **in Office.** answer to that objection was settled in the case of State v. Douglass, 239 Mo. 674, l. c. 679, where this court, quoting definitions of corruption in office, held that it included bribery as one form of corruption, and that embezzlement by an official came within the expression "corruption in office," a generic term.

It is further argued that if the offense charged is "corruption in office," the discrimination in Section 3737 denies equal protection of the laws in violation of the Fourteenth Amendment to the Federal Constitution, because it prescribes a different limitation **Equal** period for bribery and corruption in office from that pro- **Protection.** vided for other offenses which are classed with bribery and corruption in office by Section 3334, as of the same class and quality.

The rule is that a statute relating to criminal procedure is void as denial of equal protection of the laws, "if it prescribes a different procedure in the case of persons in *like situation*." [12 C. J. p. 1186.] But that general limitation is subject to legislative discretion in many instances. The Legislature may determine that enumerated offenses do not necessarily affect "persons in like situation." It may provide methods in particular classes of cases, so that persons of certain character may be dealt with under different procedure from that applied to persons of another character for the same offense.

In the case of State v. Douglass, supra, this court had under consideration this very statute, and it was said, 239 Mo. l. c. 680: "The tenure of a great many public offices in Missouri continue for a term of four years; and this statute was doubtless intended to preserve to the State the right to prosecute such officers after their terms expire for such willful and corrupt violation of law as they may have committed while in office."

The court then notes that persons in an office, in charge of books and records which show their dealings, may effectually conceal embezzlements or other malfeasances as long as they have control of the office, and it is only after their terms expire that adequate investigation can be had. So, that situation was sufficient reason for providing a different Statute of Limitations, because officers and non-official trustees are not in "like situation." Appellant appends a labored argument citing cases affecting the equal protection clause of the Fourteenth Amendment, but has cited no case which touches the precise point under consideration here.

II. Appellant assigns error to the action of the court permitting Henry Smith, examiner from the auditor's office, to give the results of his audit of the defendant's books. Smith testified

**Examination of Books.** to his experience in examining county records, stated the amount he found collected by the defendant, the books from which he got the information, and the books from which he found the amount turned into the county treasury. The evidence was entirely competent. It was the only way in which the jury could be informed of the result of his knowledge. It would be impractical to have a jury examine the books and reach a conclusion. It can only be done with satisfaction by an expert acquainted with the purpose and method of the books. Such testimony is competent. [State v. Findley, 101 Mo. l. c. 223; Headdy v. Wright Tie Co., 262 S. W. l. c. 449.]

III. The County Clerk, W. L. Welch, was offered as a witness by the defendant, and was asked to tell the jury what discrepancy, if

**Proffered Proof.** any, he found between the circuit clerk's office and the treasurer's office. The court sustained an objection to the question and the defendant excepted to the ruling. The evidence sought to be elicited by the defendant may have been competent, but the defendant made no offer of proof. We are not apprised by anything in the record that the facts which Welch would swear to were pertinent to the issues. That could be done only by an offer of what defendant expected to prove by the witness. The court cannot be convicted of error in the absence of such an offer. [State v. Roberts, 280 Mo. 669, 1. c. 679.] There is nothing in the question to indicate that the defendant expected to show the examiner's evidence to be incorrect, or that the answer would reveal facts favorable to the defendant.

The information is attacked, and also the verdict, as insufficient to support the judgment. The information sufficiently charges the offense under the statute, and the verdict is general, finding the defendant guilty as charged in the information. We find no error in the record and the judgment is affirmed. All concur.