## Commonwealth v. Dreier

Before Flannery, Lewis and Pinola, JJ.

*Louis G. Feldman*, district attorney, and *Harold Rosenn*, assistant district attorney, for Commonwealth.

*Peter Kanjorski*, for defendant.

PINOLA, J., April 17, 1953.—In this indictment it is charged in five counts that Mayor Dreier, defendant, on five different dates (the first being June 29, 1950, and the last October 31, 1950) received certain funds of the City of Nanticoke, that he "unlawfully and fraudulently did withhold, convert and apply the same to his own use and benefit", and that he continued to unlawfully and fraudulently withhold, convert and apply the same to his own use and benefit from the several dates to the date of the information, to wit, February 10, 1953, notwithstanding demand for pay-

ment of the several sums made on October 31, 1952, by Stanley Baker, the Treasurer of the City of Nanticoke.

A motion to quash was denied by Flannery, J., in an opinion filed March 21, 1953. At the argument of motions to quash other indictments, counsel made a second motion to quash this indictment. He assigns two reasons: (1) The statute of limitations bars this prosecution, and (2) the statute as applied to defendant is unconstitutional. The latter had been abandoned at the prior argument.

There is no merit to the contention that the statute of limitations bars this prosecution. The Act of March 31, 1860, P. L. 427, sec. 77, 19 PS §211, as amended by the Act of April 6, 1939, P. L. 17, sec. 1, reads as follows:

"All indictments which shall hereafter be brought or exhibited for any crime or misdemeanor, murder and voluntary manslaughter excepted, shall be brought or exhibited within the time and limitation hereafter expressed, and not after; that is to say, all indictments and prosecutions for treason, arson, sodomy, buggery, robbery, burglary, perjury, counterfeiting, forgery, uttering or publishing any bank note, check or draft, knowing the same to be counterfeited or forged, shall be brought or exhibited within five years next after the offense shall have been committed; and all indictments and prosecutions for other felonies not named or excepted heretofore in this section, and for all misdemeanors, perjury excepted, shall be brought or exhibited within two years next after such felony or misdemeanor shall have been committed: Provided however, That if the person against whom such indictments shall be brought or exhibited, shall not have been an inhabitant of this State, or usual resident therein, during the said respective terms for which he shall be subject and liable to prosecution as aforesaid, then such indictment shall or may be brought or exhibited

against such person at any period within a similar space of time during which he shall be an inhabitant of, or usually resident within this State: And provided also, That indictments for misdemeanors committed by any officer of a bank, or other corporation, may be commenced and prosecuted at any time within six years from the time the alleged offense shall have been committed: And provided also, That indictments for malfeasance, misfeasance, or nonfeasance in office, or for extortion or blackmail by color of office, or for embezzlement of public moneys or property or fraudulent conversion of public moneys or property, or for any misdemeanor in office, or for any conspiracy to commit any of said offenses heretofore or hereafter committed by any officer or employe of this Commonwealth or of any agency thereof, or of any city, county, borough, township, or school district or of any agency thereof, and their accomplices and confederates, may be brought or exhibited at any time within two years from the time when said public officer or said employe shall have ceased to occupy such office or such employment, but in no event more than six years from the commission of the offense."

No one has ever challenged the right of the legislature to make the various classifications therein.

The clause here applicable permits prosecution "within two years from the time when (a) public officer . . . shall have ceased to occupy such office".

Defendant is still in office. Therefore, the statute has not yet begun to run.

Of course, if that clause is unconstitutional and the general limitation for misdemeanors governs, the prosecution is barred.

We will, therefore, carefully examine the second reason which reads:

"The statute of limitations, as it applies to this case, is unconstitutional and violates the defendant's rights,

protected and guaranteed under the 14th amendment of the Constitution of the United States of North America and the Constitution of the Commonwealth of Pennsylvania, in that it denies the defendant the due process and equal protection of the laws. It is violative in that it discriminates as to persons of the same and designated class committing the same crime and similar offense by varying the time of the period of limitation of action dependent upon the time when the offense was committed and the time the defendant leaves office either voluntarily by his own determination or by the termination of office."

At the outset, we must bear in mind that "an act of limitation is an act of grace purely on the part of the legislature. Especially is this the case in the matter of criminal prosecutions. The state makes no *contract* with criminals, at the time of the passage of an act of limitation, that they shall have immunity from punishment if not prosecuted within the statutory period. Such enactments are measures of public policy only. They are entirely subject to the mere will of the legislative power, and may be changed or repealed altogether, as that power may see fit to declare" : Commonwealth v. Duffy, 96 Pa. 506, 514.

In 16 C. J. S. 1134, §563, it is declared:

"A statute relating to criminal procedure is void as a denial of the equal protection of the laws if it prescribes a different procedure in the case of persons in like situation. Subject to this limitation, however, the legislature has a large measure of discretion in prescribing the modes of criminal procedure, and may adapt particular methods of procedure to particular classes of cases, and may determine that enumerated offenses do not necessarily affect persons in like situation, so that persons of a certain character may be dealt with under a different procedure from that ap-

plied to persons of another character for the same offense."

In People v. Hickman, 204 Cal. 470, 268 Pac. 909, the court held:

"A state may make different procedure for trials of even the same class of offenses. The Fourteenth Amendment merely requires that all persons subjected to such legislation shall be treated alike, under like circumstances and conditions, both in the privileges conferred and in the liabilities imposed: Hayes v. Missouri, 120 U. S. 68, 30 L. Ed. 578, 7 S. Ct. 350; Brown v. New Jersey, 175 U. S. 172, 20 S. Ct. 77."

In Commonwealth v. Levi, 44 Pa. Superior Ct. 253, defendant moved to quash the indictment upon the ground that it had not been found within two years after the commission of the alleged offense, and in support of this motion contended that the Act of May 23, 1889, P. L. 48, which increased to five years the statutory period within which an indictment for the offense there charged could be found, was in contravention of that portion of the fourteenth amendment of the Constitution of the United States which provides that no State shall deny to any person the equal protection of the law. It was argued that the period of limitation within which the crime of embezzlement by all trustees must be prosecuted was, prior to the Act of 1889, two years; that the Act of 1889 extended to five years the period of limitation within which executors and certain other classes of trustees might be prosecuted for fraudulent embezzlement, while it left the limitation as to certain other trustees remain, as formerly, two years, and that this distinction comes within the prohibition of the fourteenth amendment, and denies to all executors the equal protection of the law.

In dismissing this contention, Judge Porter declared (p. 258):

"The fourteenth amendment of the constitution of the United States does not prohibit legislation which is limited either in the objects to which it is directed or by the territory within which it is to operate. It merely requires that all persons subjected to such legislation shall be treated alike, under like circumstances and conditions, both in privileges conferred and in the liabilities imposed. Class legislation, discriminating against some and favoring others is prohibited, but legislation which, in carrying out a public purpose, is limited in its application, if within the sphere of its operation it affects alike all persons similarly situated, is not within the prohibition of the amendment. 'Due process of law and the equal protection of the laws are secured if the laws operate on all alike, under like conditions and like circumstances and do not subject the individual to an arbitrary exercise of the·powers of government.' 'The right to equal protection of the laws is not denied by a state court when it is apparent that the same law or course of procedure would be applied to any other person in the state under similar circumstances and conditions': Duncan v. Missouri, 152 U. S. 377; Marchant v. Pennsylvania Railroad Co., 153 U. S. 380; Barbier v. Connolly, 113 U. S. 217; Tinsley v. Anderson, 171 U. S. 101, and cases cited in Commonwealth v. Emmers, 33 Pa. Superior Ct. 151."

A similar conclusion was reached in State v. Howell, 317 Mo. 330, 296 S. W. 370. There, defendant, who was a public officer, was convicted of embezzlement.

The general statute of limitations was three years, but it provided that "indictments or informations for bribery or for corruption in office may be prosecuted if found within five years after the commission of the offense".

Defendant contended that if the offense charged is

"corruption in office", the discrimination in the section involved denies equal protection of the laws in violation of the fourteenth amendment to the Federal Constitution, because it prescribes a different limitation period for bribery and corruption in office from that provided for other offenses which are classed with bribery and corruption in office by another section, as of the same class and quality. The court declared (p. 335) :

"The rule is that a statute relating to criminal procedure is void as denial of equal protection of the laws, 'if it prescribes a different procedure in the case of persons in like situation': 12 C. J., p. 1186. But that general limitation is subject to legislative discretion in many instances. The Legislature may determine that enumerated offenses do not necessarily affect 'persons in like situation.' It may provide methods in particular classes of cases, so that persons of certain character may be dealt with under different procedure from that applied to persons of another character for the same offense.

"In the case of State v. Douglass, supra, this court had under consideration that very statute, and it was said (239 Mo. loc. cit. 680, 144 S. W. 407, 408) :

" 'The tenure of a great many public offices in Missouri continue for a term of four years; and this statute was doubtless intended to preserve to the state the right to prosecute such officers after their terms expire for such willful and corrupt violation of law as they may have committed while in office.'

"The court then notes that persons in an office, in charge of books and records which show their dealings, may effectually conceal embezzlements or other malfeasance as long as they have control of the office, and it is only after their terms expire that adequate investigation can be had. So, that situation was sufficient reason for providing a different statute of limita-

tions because officers and nonofficial trustees are not in 'like situation.'"

The period of limitation in this case is actually two years, and the two years are to begin upon the occurrence of a specified event, to wit, termination of tenure, whether by expiration of the term or by resignation, but in no event to exceed six years. In that sense it is analogous to the proviso of the Bankruptcy Act, as amended by section 1 of the Chandler Act, 11 U. S. C. §52 (repealed June 25, 1948), which reads as follows:

"A person shall not be prosecuted for any offense arising under this title unless the indictment is found or the information is filed in court within three years after the commission of the offense: Provided, That the offense of concealment of assets of a bankrupt shall be deemed to be a continuing offense until the bankrupt shall have been finally discharged, and the period of limitations herein provided shall not begin to run until such final discharge."

Under that act it was held that the statute did not begin to run until the bankrupt shall have been discharged, a very uncertain date as to time elapsing and one which may never arrive: United States v. Ganaposki, 72 F. Supp. 982, 984.

The fact that the period following the commission of the offense within which he may be prosecuted may be curtailed or prolonged by some act of defendant, such as a resignation, is immaterial, for in the last analysis the period is the same as to all—two years following termination of tenure. Under other statutes defendant may enlarge the period of limitation by intentionally absenting himself from the jurisdiction, thereby tolling the statute, but in so doing he does not, nor can he, reduce the minimum period within which prosecution may be brought against him.

We do not see any discrimination resulting simply from the date on which a person commits a crime. All

that the legislature has declared is that for any crime committed during his term of office an officer may be prosecuted within two years from the time when he shall have ceased to occupy his office. It is quite true, as argued, that if he commits the crime on the first day of a four years' term, he may be prosecuted within six years, and it is true that if he commits a crime on the last day of his term, he must be prosecuted within two years.

It is also true that because in any event prosecution must be brought within six years, a school director, whose term is six years, could commit a crime on the first day of his term and yet he could not be prosecuted within two years from the termination of his office because that clause would not apply. In each instance, however, the result obtains because of something done by the officer himself—he selected the date on which to commit the crime. The limitation applies to all public officers and to all public employes, and it does not change or vary. The same yardstick is applied to all.

In the only case dealing with the act, Commonwealth v. Simpson, 74 D. & C. 313, its constitutionality was not questioned. There an employe of the Receiver of Taxes of Philadelphia was required to attend sports exhibitions and to collect from the promoters the amusement tax due the city. Indictments were found on October 23, 1942, to April 2, 1943. The court permitted an amendment of the indictment to insert the facts as to the service and its termination relied upon to bring defendant within the exception to the general two years' statute of limitations.

Being satisfied that the statute of limitations is constitutional, we enter the following

### Order

Now, April 17, 1953, defendant's second motion to quash the indictment is denied.