*Ex Parte*: B. W. DYESS.

147 So. 211.

Opinion filed March 24, 1933

*Douglas Bell* for Petitioner;

*Cary D. Landis, Attorney General,* and *Roy Campbell, Assistant,* for Respondent.

DAVIS, C. J.—Where it appears petitioner, in a *habeas corpus* proceeding, has been indicted for a statutory offense that is charged in the indictment substantially in the language of the statute, and a verdict of guilty of the offense as charged has been rendered by the jury trying the case, after which the court has undertaken to make an adjudication of the guilt pursuant to the verdict and to impose a lawful sentence pursuant thereto, defects in the indictment not rendering it wholly insufficient to constitute an *attempt* to state the essential facts constituting the crime sought to be charged, will not on *habeas corpus* warrant the discharge of the defendant from the sentence imposed, even though

the indictment be demurrable, or subject to a motion to quash, or such as might require an arrest of judgment, or reversable on writ of error. See Hepburn v. Chapman, Prison Supt., decided at present term; Anderson v. Chapman, Prison Supt., decided at present term.

The indictment in this case charged that the defendant "did unlawfully and feloniously have, keep, exercise and maintain a certain gaming place and did then and there procure, permit and suffer many persons whose names are to the grand jurors unknown to play there at a game of chance, to-wit: cards, for money."

This indictment is not in the language of the statute (Section 7657, C. G. L., 5499 R. G. S.), if it is construed as an attempt to charge the keeping of a gaming house "for the purpose of gaming or gambling" as denounced in the first portion of the statute. Richardson v. State, 41 Fla. 303, 25 Sou. Rep. 880.

But the indictment is not wholly insufficient to charge under the second portion of Section 7657 C. G. L., *supra,* that the defendant while keeping the alleged gaming house, did procure, permit and suffer persons to play for money at a game of chance, which is a sufficient form of charge on *habeas corpus* to show a violation of the latter portion of 7657, C. G. L., *supra,* though the last mentioned offense is inartificially charged in language that appears to be a commingling of the distinct offense described as the keeping of a gambling house for the purpose of gaming, with that separate offense of permitting persons to play at games of chance in a place under defendent's control or charge— each offense being of a different nature.

However, the statute in giving a *name or designation* to the two separate offenses denounced by Section 7657 C. G. L., *supra,* uses the descriptive phrase "keeping gambling

houses, " etc., to describe them both. On *habeas corpus,* as distinguished from other methods of attack, it cannot be said that a judgment of guilt describing the offense of permitting persons to play at a game of chance in a place under defendant's control described in the commitment as a conviction for "keeping a gaming house," is void, so as to entitle the convicted person to his discharge, especially in view of the language of the statutory section which describes both the offenses denounced by Section 7657, *supra,* as being the "keeping of gambling houses," etc.

The petitioner who stands convicted of the offense described as "keeping a gaming house," though the indictment charged him in an inartificial way with permitting, suffering and permitting persons to game in a place under his control, is not entitled to his discharge on *habeas corpus,* so he must be remanded to the custody from which he came, there to be held until discharged according to due course of law.

Petitioner remanded.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.