B. W. Dyess v. State.

151 So. 708.

Opinion Filed December 30, 1933.

*Douglass Bell,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

Terrell, J.—Plaintiff in error was indicted in two counts under Section 5499, Revised General Statutes of 1920, Section 7657, Compiled General Laws of 1927. The first count charged him with keeping and operating a gaming place and was held good as against a motion to quash. The second count charged keeping and maintaining gaming implements and was held bad on motion to quash. A trial on the first count resulted in a verdict and judgment of conviction to which the instant writ of error was prosecuted.

It is contended here that the first count of the indictment was insufficient, that the evidence fails to suport the verdict, and that the trial judge erred in charging the jury that

the gist of the offense is the unlawful and felonious maintaining of a certain gaming place.

The indictment in this cause was considered in *Ex parte* Dyess opinion filed March 24, 1933, reported in 147 So. 211, where we held in effect that it was not cast in the language of the statute but that it was sufficient to withstand an application for discharge on writ of habeas corpus. This Court has repeatedly held that an indictment should not be quashed if it charges the offense substantially in the language of the statute. Akin v. State, 86 Fla. 564, 98 So. 609.

The indictment in this case is sufficient to meet that test. It charges the defendant with unlawfully keeping and maintaining a gaming place and with procuring and permitting others to play therein at a game of chance for money. It is not necessary to charge that the defendant owned the place and it may be a house, booth, tent, shelter, or any other place used for the purpose of gaming.

The evidence is ample for the jury as reasonable men to have arrived at the conclusion they did. It shows that the defendant occupied the place, though he did not own it, that a game of cards was being played for money, and that gaming had been done there before. It is not shown that defendant was participating in the game but that was not necessary.

The charge of the court was clear and fairly stated the law of the case in the light of the evidence adduced. The judgment is warranted by the record so it is affirmed.

Affirmed.

Davis, C. J., and Whitfield, Ellis and Buford, J. J., concur.