STATE OF FLORIDA v. WILLIAM ANDRES
5 So. (2nd) 7
En Banc
Opinion Filed December 9, 1941

*Robert R. Taylor* and *Thomas H. Anderson,* for Petitioner;

*Bart A. Riley,* and *Stanley S. Phillips,* for Respondent.

BUFORD, J.—This case is before us on writ of certiorari to review judgment of the Circuit Court of Dade County, as follows:

"This cause came on to be heard upon writ of error above stated and was argued by counsel. Upon an inspection of the record, the court is of the opinion that count two of the information was not sustained by the evidence and that the court's charge thereon was too abbreviated and not sufficiently explanatory.

IT IS THEREUPON ORDERED that the judgment of the lower court on count two of the information be, and the same is hereby vacated and the said plaintiff in error be given a new trial thereon; and if no stronger evidence can be produced for a second trial on said count, the lower court is directed to discharge and dismiss the said plaintiff in error thereunder.

The court is of the opinion that the third count of the information fails to charge the offense of reckless driving as required by the laws of Florida, and, also that the evidence thereunder is legally insufficient to sustain the conviction of the plaintiff in error thereunder. Plaintiff in error has not appealed from his conviction under the third count of the information but the court has had before it a certified copy of the same and of material portions of the record relating to this prosecution, so of its own motion the court hereby quashes the judgment of the lower court on the third count of the information, and the same is hereby held for naught, and the said third count of said information is hereby declared to be legally insufficient as a criminal charge against the plaintiff in error.

Defendant, respondent here, was informed against in the Court of Crimes, in and for Dade County in

three counts. Count one charged defendant with driving while under the influence of intoxicating liquor to such an extent as to deprive him of full possession of his normal faculties; count two, with driving while under the influence of intoxicating liquor to such an extent as to deprive him of full possession of his normal faculties and damaging another car while so driving; and count three, with reckless driving. Defendant plead not guilty. He was found guilty of counts 2 and 3 and sentenced to pay $100.00 fine plus costs and serve three months in jail, and a jail sentence under count three to run concurrently with sentence under count two, and he took a writ of error to the Dade County Circuit Court on the theory that the evidence did not show beyond a reasonable doubt that he was under the influence of intoxicating liquor to such an extent as to deprive him of full possession of his normal faculties (as charged in count 2). The Circuit Court reversed the judgment as shown, *supra*.

We will consider two questions presented: (1) Should the Circuit Court have directed the action of the trial court on a retrial as indicated in the judgment of reversal? (2) Did the Circuit Court depart from the essential requirements of the law in quashing count three of the information?

The rule in Florida is that a jury's findings approved by the trial judge will not be disturbed if reasonable men could so have found. J. R. Watkins Co. v. Eatmon, *et al.,* 140 Fla. 144, 191 Sou. 199 (1939). Whether or not we think the evidence here indicates such a showing of defendant's driving a motor vehicle on a public highway while being "under the influence of intoxicating liquor to such an extent

as to deprive him of full possession of his normal faculties" that reasonable men could so have found, is not a question for us to now determine. If the Circuit Court had simply reversed the judgment and remanded the cause for a new trial, review by certiorari would not lie, but when that Circuit Court assumed to direct the trial court in the exercise of its discretion in the retrial as shown here, that was such a departure from the essential requirements of the law as to warrant review on certiorari.

Count three charges that defendant on March 15, 1939, did "unlawfully drive and operate a motor vehicle upon one of the public highways of Dade County, Florida, recklessly and so as to endanger the property, life, and limb of persons traveling upon said highway, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Florida." The count substantially follows the language of the statute (Fla. Comp. Gen. Laws Ann. 1927, Secs. 1318, 7793).

The record shows no exception taken to the conviction of the defendant under this count. The Circuit Court held it insufficient of its own motion. It is the policy of this Court to uphold an information where there is a substantial compliance with statutory requirements (Smith v. State, 72 Fla. 449, 73 Sou. 354 [1916]), and an information is sufficient if it does so follow the statutory language. Akin v. State, 86 Fla. 564, 98 Sou. 609 (1923). We do not forget also that it seems to be the intent of the legislature to uphold informations where possible. Cf., e. g., Sec. 125 of the Criminal Procedure Act. (1939).

The action of the Circuit Court in quashing Count

three of the information was unauthorized and was a final judgment of discharge under Count three.

It having been stipulated, with the Court's approval, that this cause be considered here as if on final hearing, the judgment of the Circuit Court is quashed and the cause remanded to the Circuit Court for further proceedings consistent with this opinion.

Judgment quashed and cause remanded.

WHITFIELD, TERRELL, CHAPMAN, THOMAS and ADAMS, J. J., concur.

BROWN, C. J., dissents.

BROWN, C. J., dissenting.—Sections 8368 and 8369 of Comp. Gen. Laws of 1927, which provide in substance that an indictment shall be sufficient which charges the crime substantially in the language of the statute prohibiting it, and that no indictment shall be quashed on account of any defect in form unless the court shall be of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense, must be construed in connection with Section 11 of the Declaration of Rights which provides that in all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation against him.

In Reyes v. State, 34 Fla. 181, 15 So. 875, this Court held that the above mentioned statutes were not intended to obviate the necessity of stating the circumstances which constitute the definition of the offense charged, when necessary to advise the accused of the nature of the charge against him. To like effect was

the holding of this Court in Mills v. State, 58 Fla. 74, 51 So. 278. See also Finch v. State, 116 Fla. 390, 156 So. 489.

As to the action of the Circuit Court, vacating the judgment of the lower court on count two in the information in this case, and providing that defendant be given a new trial thereon, and that if no stronger evidence can be produced on the second trial on this count, the lower court is directed to discharge and dismiss the plaintiff in error thereunder, while somewhat unusual in form in so far as the last clause of the order is concerned, is in my opinion within the scope of appellate jurisdiction and therefore does not afford any ground sufficient to authorize this Court to quash the judgment of the Circuit Court, sitting as an appellate court. It is well settled that appellate courts have the right to reverse and remand cases to the lower courts with directions in regard to further proceedings in the cause.

For these reasons I must dissent.