**INTERNATIONAL ASSOCIATION OF MACHINISTS et al., Plaintiff, v. ELECTRIC VACUUM CLEANER DIVISION GENERAL ELECTRIC COMPANY, Defendant.**

Common Pleas Court, Cuyahoga County.

No. 600859. Decided September 27, 1949.

Howard M. Metzenbaum, Cleveland, for plaintiffs.
Squire, Sanders & Dempsey, Cleveland, for defendant.

## OPINION

By BAUMAN, J.

The Plaintiff union and Defendant employer have negotiated and executed a presently effective contract. During the life of the contract, the employer seeks to "retire" its male employees who have attained the age of 65 years and its female employees at 60.

No claim of inefficiency is made nor are the disciplinary provisions of the contract invoked. The company asserts that it has a common law right to select its employees as it sees fit, and that the contract does not limit its proposed action. It contends that therefore it is within the

province of the company to extend to the particular plant covered by this contract the national retirement policy of the General Electric Company.

The Union takes the position that the contract must be construed to result in a determination that this retirement policy of the company violates its terms, an injunction is sought to protect its claimed contract rights. Under the pleadings and according to the established law, the jurisdiction of this court extends no farther than the interpretation and enforcement of this particular contract. It is our sole province to address our attention to this question. This court must and does fully appreciate that it is not a judicial, executive nor advisory federal agency.

Article X of the contract provides:

"1. An employee's continuous service with the company shall be terminated;

"A. If an employee leaves voluntarily or is discharged."

Other provisions of the agreement define the rights of the Company and the employee if he is discharged, and provide grievance machinery to which an appeal may be made. A discharge under the contract presupposes a good cause therefor. As stated earlier, no claim or cause is made. Nor did the affected employees leave voluntarily.

Instead, it is claimed that they are retired. Webster defines retire as follows:

"To withdraw from office, a public station, business or the like; as having made a large fortune, he retired."

and defines withdraw as:

"To disengage or remove oneself."

Certainly in the popular sense, to retire implies at least part of the motive power creating the resultant situation originated in the person whose status is changed. Children are put to bed, adults retire.

In employee-employer relationships some consent by the employee either at the inception or at some time during the course of his employment. It may be participation in a pension plan. It could be by specific agreement. We do not have here a case of retirement. Instead, we have discharge because of age.

We construe this contract to prohibit the termination of continuous service except as specified. "Expressio unius est exclusio alterius."

Certainly it was intended that employees could be discharged only when the employer was able to show good cause for that action.

The omission of a company requested clause from the final contract does not weaken this conclusion. The provisions of Article XVI fortify it.

These employees are entitled to the protection of this court. An injunction is granted.