107 So.2d 9 (1958)
STATE of Florida, Appellant,
v.
Louis A. BRUNO, Appellee.
Supreme Court of Florida.
December 5, 1958.
*11 Richard E. Gerstein, Miami, for appellant.
Dan Chappell, Miami, for appellee.
O'CONNELL, Justice.
The facts of this cause are set forth in State v. Bruno, Fla., 1958, 104 So.2d 588, in which opinion and order we relinquished control of this cause to the trial court, temporarily, for the sole and only purpose of having the trial court enter an order, nunc pro tunc, specifying the grounds upon which it granted the motion to quash the information involved in this case.
Upon having the cause remanded to it, the lower court entered a "shot gun" order reciting that the motion to quash was granted upon each of the five grounds set forth in such motion. One of these grounds questioned the validity of Sec. 932.06, F.S.A. and consequently, under Article V, Sec. 4(2), Florida Constitution, F.S.A., this Court may now exercise its appellate jurisdiction.
Defendant's motion to quash alleged that the subject statute is unconstitutional "in that it denies to this defendant equal protection of the law and denies him due process of law, as provided for in the State and Federal Constitution."
The other grounds asserted in the motion to quash were that the information showed on its face that the statute of limitations had run prior to the commencement of the prosecution; that it failed to set forth in what manner the alleged offense was connected with the discharge of the duties of his office; that it failed to state how the stealing of the money of Edward Baker constituted a part of the discharge of the defendant's official duties; and, even if the statute be deemed to be constitutional, the information showed on its face that more than two years had elapsed since the term for which defendant had been elected had expired and therefore showed that the prosecution was barred by the statute of limitations.
We will first consider the constitutionality of Sec. 932.06, which reads:
"All offenses by state, county or municipal officials, committed during their term or terms of office, in any way whatsoever connected with the discharge of the duties of their different offices, shall be prosecuted within two years after the said officer shall retire from such office."
In his brief, filed in this Court prior to the rendition of our first opinion in this cause, the defendant took the position that the subject statute was not necessarily unconstitutional, that it was so only if construed in the manner urged by the State. In support of his argument that the statute is unconstitutional if construed as the state urges it should be, as hereinafter set forth, the defendant relies solely on the case of Mitchell v. State, 1946, 157 Fla. 121, 25 So.2d 73. That case has no application here for it merely held that the statute there involved did not give all persons charged with the various degrees of murder, less than first degree, equal protection of the statute of limitations for such crimes. Although given the opportunity to do so, the defendant did not file a brief after the entry of the nunc pro tunc order of the trial court holding the statute unconstitutional. We must therefore rely on this earlier brief in determining the defendant's contentions on appeal.
In his brief defendant concedes that the Legislature is empowered to fix the time in which prosecution for any offense may be commenced. This Court so held in Mitchell v. State, supra.
Defendant agrees with the State, as we do, that the purpose of the statute *12 is a valid one and that there is a reasonable classification based on differences having a fair and substantial relation to the purpose of the statute so as to justify a different period of limitation for a crime committed by an officeholder, where the crime is connected with the discharge of his duties, than that prescribed for the same crime committed by a non-official, or by the official where the crime is unconnected with his office. It seems clear, therefore, that the statute is not in violation of the Fourteenth Amendment of the U.S. Constitution or Florida Constitution, Declaration of Rights, Sec. 1.
For an expression of the purpose of a statute such as the one involved in this cause see State v. Douglass, 1912, 239 Mo. 674, 144 S.W. 407, 408, wherein that court said:
"The tenure of a great many public officers in Missouri continues for a term of four years; and this statute was doubtless intended to preserve to the state the right to prosecute such officers after their terms expire for such willful and corrupt violation of law as they may have committed while in office. It is a notorious fact that officers can and frequently do so completely conceal their embezzlements that their crimes are not detected until their official records pass into the hands of their successors; and it was doubtless to meet just such cases that the statute under consideration was enacted. * * *" (Emphasis ours.)
For cases holding similar statutes not unconstitutional because of violation of the Fourteenth Amendment to the U.S. Constitution, see State v. Howell, 1927, 317 Mo. 330, 296 S.W. 370, 371, where that court said:
"The rule is that a statute relating to criminal procedure is void as denial of equal protection of the laws, `if it prescribes a different procedure in the case of persons in like situation.' 12 C.J. p. 1186. But that general limitation is subject to legislative discretion in many instances. The Legislature may determine that enumerated offenses do not necessarily affect `persons in like situation.' It may provide methods in particular classes of cases, so that persons of certain character may be dealt with under different procedure from that applied to persons of another character for the same offense."
Also Commonwealth v. Dreier, 1953, 88 Pa. Dist. and Co. 383.
For cases announcing the same principles, but on different factual situations, see Liquor Store, Inc., v. Continental Distilling Corp., Fla. 1949, 40 So.2d 371; Insurance Company of Texas v. Rainey, Fla. 1956, 86 So.2d 447; People v. Hickman, 1928, 204 Cal. 470, 268 P. 909, 270 P. 1117; Commonwealth v. Levi, 1910, 44 Pa.Super. 253; United States v. Ganaposki, D.C.M.D. Pa. 1947, 72 F. Supp. 982 and Hayes v. State of Missouri, 1887, 120 U.S. 68, 7 S.Ct. 350, 30 L.Ed. 578.
Now to consider the different constructions placed upon the statute by the parties and urged upon us here.
Defendant construes the statute to mean that if an official, during a term of office, commits a crime connected with the discharge of his duties, which crime consists of a single overt act, the limitation period begins to run at the expiration of the term in which the crime was committed, whereas if the crime is a continuing offense the period of limitation begins to run upon the official's retirement from office. Defendant argues that the use, in the statute, of the word "terms" indicates such an intent on the part of the Legislature.
The State on the other hand urges that the statute must be construed to mean that irrespective of whether the crime be a single offense or a continuing one the limitation period commences only upon the retirement of the official from office. In support *13 of this position the State argues that the use in the statute of the phrase "term or terms" means and was intended to mean that the operation of the two year statute of limitations is suspended not only during the term in which the crime was committed, but throughout each successive term he serves after the commission of the crime and until the officer ceases, for whatever reason, to occupy the office. To buttress this argument the State points out that if the admitted intent of the statute, i.e. to give the State the opportunity to investigate and prosecute any wrongdoing on the part of the officer after he leaves the office and surrenders control of his records, is to be maintained, the word "retire" as used in the statute must be construed to mean the final withdrawal of the officer from the office and not merely the end of the term.
Defendant's contention seems to be that an official "retires" from office at the expiration of each term, even though he may continue to hold the office for a succeeding term. We cannot agree with this contention. The plain, ordinary meaning of the word "retire" connotes a withdrawing of oneself, as for the sake of privacy, seclusion, or from active participation. See Webster's International Dictionary, p. 2128 (2nd ed. 1947); International Ass'n of Machinists v. Electric Vacuum Cleaner Division, Gen. Elect. Co., 1949, Ct. of Common Pleas of Ohio, 136 N.E.2d 167, 168. It is our considered judgment that an official does not "retire" from office, within the ordinary and accepted meaning of the word or within the purview of Sec. 932.06, on expiration of a term of office if he succeeds himself in that office.
We therefore agree with the State that an official does not "retire" from his office until the final withdrawal of that officer after serving a term or successive terms.
Nor do we find any indication that the Legislature intended to have the statute apply differently to continuing offenses than to others committed by an official. It seems clear from the plain wording of the statute that it was intended to apply equally to all offenses committed by an official in connection with the discharge of his duties.
We therefore must reject this contention of defendant.
Defendant also argues that the crime of which he is accused was not attempted to be concealed and did not consist of any act which could be covered up by the official's control of his office. He argues that where the reason for application of the act fails, the act should not be blindly applied.
It matters not whether defendant attempted to conceal the crime alleged against him. We have no way of knowing whether the alleged criminal act was one which could be covered up by the official's control of his office. The statute makes no distinction on this ground. If the act is one committed by the official "in any way whatsoever connected with the discharge" of the duties of his office the statute applies.
Lastly defendant points out that the statute, if construed as the State urges, could mean that one who held public office for forty years could be charged almost forty two years later for an offense committed in the first year of his tenure. The State counters this by pointing out that at common law there were no statutes of limitation on any crimes and that today, since there is none in this state for capital cases, a person could be prosecuted for such a crime at any time. It being clear that the Legislature had the right to enact the statute, we will not concern ourselves with its wisdom in doing so.
We therefore conclude that the statute is constitutional.
As pointed out in the first paragraph of the first opinion in this case, the information alleged that defendant had continuously held his office from and including *14 the date of the commission of the alleged offense. The motion to quash admitted this allegation. It is apparent, in view of our construction of the statute as set forth above, that defendant's contention that the information on its face shows that the statute has run must fall.
This leaves for determination only defendant's contention that the information failed to set forth the manner in which the alleged offense was connected with the discharge of the duties of his office. He argues that (a) the information does not set forth sufficient facts to show that the crime charged comes within the scope of Sec. 932.06 so as to extend the normal statute of limitations, and (b) that the information does not contain a statement of the essential ingredients of the offense with which he is charged with such definiteness as to apprise him of the nature and cause of the accusation against him so as to enable him to prepare to meet the charge at trial.
The State contends and the defendant concedes that if the information is substantially in the language of the statute it is sufficient. The following cases cited by the State uphold its position. State v. Pound, Fla. 1950, 49 So.2d 521 (see also State v. Clein, Fla. 1957, 93 So.2d 876); State v. Andres, 1941, 148 Fla. 742, 5 So.2d 7; Tubb v. Mayo, 1937, 128 Fla. 190, 174 So. 325 [information charged offense in the language of the statute and therefore did not "entirely fail" to charge the offense]; Dyess v. State, 1933, 113 Fla. 417, 151 So. 708 and Sallas v. State, 1929, 98 Fla. 464, 124 So. 27. However, the defendant argues that even if the offense is alleged in the language of the statute it is subject to a motion to quash if as a whole it is still vague, indefinite, inconsistent or calculated to mislead the defendant in the preparation of his defense or expose him to danger of a second prosecution for the same offense. Defendant's argument is corroborated by the terms of Sec. 906.25, F.S.A., which provides that no indictment or information shall be quashed on account of any defect in its form unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense. Further support for defendant's assertion of the rule is found in the opinion of this Court in Reyes v. State, 1894, 34 Fla. 181, 15 So. 875, 876.
Defendant further argues that, in Sec. 932.06, F.S.A., the term "connected" is generic and the information, in merely using that term, did not sufficiently inform him of what he was charged. He says that the accusatory statement should have been specific. This Court, in Rosin v. Anderson, 1945, 155 Fla. 673, 21 So.2d 143, stated that when a definition of an offense includes a generic term it is not sufficient that the indictment should charge the offense in the same generic term, but it must state the species  it must descend to particulars.
In the information in the instant case it was charged that the defendant did:
"* * * on the 28th day of July, in the year of Our Lord, one thousand nine hundred and fifty-three, in the County and State aforesaid, did then and there unlawfully and feloniously take, steal and carry away money, goods and chattels of one Edward Earle Baker, to-wit: lawful money of the United States of America in the amount of Two Hundred ($200.00) Dollars, a further and more particular description of said money, goods and chattels being to the State Attorney unknown; that at the time Louis A. Bruno committed the offense as aforesaid he was a municipal officer, that is to say, the said Louis A. Bruno was a member of the City Council of the City of North Miami Beach, Dade County, Florida, and said offense was connected with the discharge of the duty of his office, and that the said Louis A. Bruno has continuously thereafter held the *15 aforesaid office to the date of the filing of this indictment. * * *" (Emphasis ours.)
It is noted that the italicized portion closely parallels the wording of the statute, Sec. 932.06, which speaks of "all offenses * * * in any way whatsoever connected with the discharge of the duties" of the office.
In our opinion the information, which is substantially in the language of the statute, is not so vague and indefinite as to embarrass the defendant in the preparation of his defense or to subject him to new prosecution for the same offense. It is not contended that the offense, grand larceny, is not sufficiently alleged but only that the information fails to allege specifically in what manner said offense was connected with defendant's discharge of his duties and thus fails to bring into play the special statute of limitations provided by Sec. 932.06, F.S.A.
Granting that the information may have been vague as to alleging how the offense was connected with the discharge of defendant's duties, that defect could easily have been corrected by demand for a bill of particulars, authorized under Sec. 906.07, F.S.A. This Court should give to an information a liberal construction and its policy is to uphold an information where there is a substantial compliance with statutory requirements. Kirkland v. State, 1923, 86 Fla. 64, 97 So. 502; State v. Andres, 148 Fla. 742, 5 So.2d 7, supra. In the latter case this Court, 5 So.2d at page 9, said:
"* * * It is the policy of this court to uphold an information where there is a substantial compliance with statutory requirements (Smith v. State, 1916, 72 Fla. 449, 73 So. 354), and an information is sufficient if it does so follow the statutory language. Akin v. State, 1923, 86 Fla. 564, 98 So. 609. We do not forget also that it seems to be the intent of the legislature to uphold informations where possible. Cf., e.g., Sec. 125 of the Criminal Procedure Act (1939), Acts 1939, C. 19554 [now Sec. 906.25, F.S.A.]."
We have concluded that the information was not so vague as to embarrass the defendant in the preparation of his defense or to subject him to the possibility of a new prosecution on the same offense, and that any vagueness can be corrected by a bill of particulars. We must not give to rules of criminal procedure such strict compliance as to harm the State when the end result will not be to the defendant's prejudice.
Consequently, the order of the trial court quashing the information is hereby reversed and the cause remanded to that court for further proceedings, without prejudice to the defendant's right to move the court for a bill of particulars showing in what manner the alleged offense was connected with the discharge of his official duties.
It is so ordered.
TERRELL, C.J., and HOBSON, DREW and THORNAL, JJ., concur.