PER CURIAM.
By stipulation pending appeal here, the parties agreed that the cause be remanded to the Circuit Court “for hearing and specific rulings as to the Constitutional issues raised in the cause.”
We thereupon remanded the cause to the Circuit Court “for a hearing and specific rulings as to the constitutional issues raised in the cause * * * ”
The trial judge thereupon held a hearing pursuant to the mandate. He construed our order “to mean constitutional issues to be raised by counsel at the instant hearing, inasmuch as the matter of constitutional issues was never before presented in this court and the first mention of same appar *14 ently occurred in the assignment of errors filed by appellant after final judgment had been entered below.”
Pursuant to this construction of our mandate the trial judge then proceeded to consider and pass upon various constitutional questions which the parties now return to us for consideration on direct appeal.
The language of the stipulation and the language' of our order following it was unfortunately selected. By the use of the words “issues raised” it was our understanding that they were to comprehend issues previously presented and considered by the trial judge but not specifically passed upon in his final decree. State v. Bruno, Fla., 104 So.2d 588; 107 So.2d 9. It was certainly never intended to restore the cause to the docket of the trial court in order to enable the parties to generate new issues and thereby belatedly establish a jurisdictional foundation for direct appeal here. While perhaps the langauge of our order justified the construction given it by the trial judge, we must hold that he fully complied with our mandate when he announced that “the matter of constitutional issues was never before presented in this court * * ” This finding in effect eliminated any jurisdictional basis for our consideration of the matter on direct appeal.
The appeal having been improvidently taken to this court, all papers including the notice of appeal shall be transferred to the District Court of Appeal, Second District, within five days from the date of entry of this order. Rule 2.1, subd. a(5) (d), Florida Appellate Rules, 31 F.S.A.
It is so ordered.
THOMAS, C. J., and TERRELL, DREW, THORNAL and O’CONNELL, JJ., concur.
HOBSON, J., concurs specially.
ROBERTS, J., dissents.