HENDRY, Judge.
The County of Dade seeks review by certiorari of an order entered by the Circuit Court of Dade County, acting in its capacity as an appellate court by which a judgment of conviction entered against the respondent in the Metropolitan Court of Dade County was reversed.
*610 The respondent was charged as is illustrated in the following copy of the summons issued:

*611 He entered a not guilty plea, was tried in the Metropolitan Court of Dade County and convicted. He was sentenced after the trial judge had considered respondent-defendant’s entire driving record. He appealed the conviction and sentence to the Circuit Court.
The points presented for reversal by the respondent, who was appellant in the appeal before the Circuit Court, were:
“(9) Whether a complaint which neither uses language of the Metropolitan Dade County Code, nor the Code section, number, but merely lists alleged violations of court code provisions without setting forth indication of any lawful and wanton disregard for the safety of others charges an offense under the code.
“(2) Is the Dade County Metropolitan Court confined on pre-sentence investigation to an examination only of conviction records.”
Upon consideration of the aforesaid stated points, the Circuit Court reversed the respondent’s conviction. In its order of reversal the court said:
“The complaint reveals no attempt to substantially follow the language of the Ordinance (Sec. 30-16) of the Code of Metropolitan Dade County) such as has been held to be sufficient to sustain an information which charged reckless driving under the Florida Statutes; State v. Andres [148 Fla. 742], 5 So.2d 7 (Fla.1941). Although the complaint describes certain alleged acts of the defendant which might constitute other violations of the Code of Ordinances of Metropolitan Dade County (See Secs. 30-57 through 30-61 and Sec. 30-22), the acts alleged in and of themselves do not meet the requirements of Sec. 30-16 of the Code of Metropolitan Dade County relating to wilful or wanton disregard for the safety of persons or property in order to sustain a conviction which is criminal in nature (see discussion Carraway v. Revell, 116 So.2d 16 (Fla.App. [Sup.] 1959), and thus fails to charge an offense under the Code of Metropolitan Dade County. The trial court did not have jurisdiction to enter adjudication of guilt or sentence the defendant.”
* * *
“Only those records which should be before a Court after adjudication of guilty and prior to imposition of sentence, for consideration by the Court, are those relating prior to convictions. Otherwise, the defendant will be called upon to reestablish his innocence or explain the circumstances surrounding each of the charges previously brought against him.”
The matter is now before this court on petition for writ of certiorari brought by Dade County. This being a petition to review an order of the Circuit Court made in the exercise of its jurisdiction, we are limited to the scope of common law certiorari. State v. Katz, Fla.App.1959, 108 So.2d 60. We shall, therefore, confine our review to the face of the record to determine whether the lower court has exceeded its jurisdiction or has otherwise departed from the essential requirements of law. Dresner v. City of Tallahassee, Fla.1964, 164 So.2d 208.
It is petitioner’s contention that the order of reversal should be quashed because its entry constituted a departure from the essential requirements of the law. We find merit in this contention, insofar as the order holds that the Dade County Metropolitan Court is confined on pre-sentence investigation to an examination of conviction records only. We find no support for this holding in the Code of Metropolitan Dade County, in Statutes of Florida or in case law. It is our view that such part of the order of reversal amounted to a departure from the essential requirements of the law. Therefore, certiorari is granted and that portion of the order restricting pre-sentence investigation is quashed. Finding no other de *612 parture from the essential requirements of the law the remaining portion of the order reversing the conviction of the defendant should be, and it is, allowed to stand.
It is so ordered.