BOYD, Justice.
This cause is before us on direct appeal from the Criminal Court of Record, Dade County. The decision sought to be reviewed holds Florida Statutes § 932.06[1], F. S.A., unconstitutional, thereby vesting jurisdiction in this Court under § 4 of Article V of the Florida Constitution, F.S.A.
Appellee, a deputy constable for the Justice of the Peace, was charged with soliciting and accepting money from one Mederic Beaulieu to influence appellee’s actions in a certain matter before him in his official capacity, specifically with the understanding that appellee would not arrest and book Beaulieu on a warrant for the crime of assault and battery issued by the Justice of the Peace. The date of the offense charged was December 13, 1966. On March 31, 1968, appellee left his employment in order to run for the office of Constable. He lost the election and was reinstated some 66 days later. The Grand Jury returned an indictment September 3, 1970, and Information was filed on September 18, 1970.
Motion to dismiss the Information was filed on the grounds that Florida Statutes § 932.06, F.S.A., was unconstitutional and, in addition, that since the charge against ap-pellee had not been filed within two years from the date of his resignation from office, he could not, under the terms of the Statute, be prosecuted for the alleged offense.
Florida Statutes § 932.06, F.S.A., provides :
“All offenses by state, county or municipal officials, committed during their term or terms of office, in any way *369 whatsoever connected with the discharge of the duties of their different offices, shall be prosecuted within two years after the said officer shall retire from such office.”
The foregoing Statute was held Constitutional by this Court in State v. Bruno.[2] However, the lower court in the instant case held that since the date of the Bruno decision, rendered December 5, 1958, “the law has substantially changed and it is necessary to re-evaluate the constitutionality of Florida Statutes § 932.06, F.S.A. in the light of recent United States Supreme Court decisions consistent with the defendant’s claim in this case that the statute denies him ‘equal protection’ and ‘due process’.”
We have carefully considered the various decisions of the United States Supreme Court[3] cited by the trial court. The passages from these decisions quoted in the trial court’s order have to do with various aspects of due process and equal protection. The Bruno decision is not inconsistent with any of these authorities and we find no basis for reassessment of our holding in that case. The Legislature has seen fit to prescribe a different period of limitation for a crime committed by an officeholder in connection with the discharge of his duties. This classification is a reasonable one, having substantial relation to the valid purposes of the Act. We therefore reaffirm the holding of State v. Bruno, .supra, that Florida Statutes § 932.06, F.S.A., is constitutional.
The second part of the trial court’s holding is that, even conceding § 932.06 to be valid, that Statute does not apply to allow prosecution of the appellee herein for an offense allegedly committed in 1966. We must agree with the trial court’s holding on this point. Appellee resigned effective March 31, 1968, to run for public office. Thereafter, h.e drew out his retirement which had accumulated from the date of his original appointment in 1965. The trial court found that once an employee resigns and draws his retirement, he must wait at least three years before he is permitted to “pay back” the retirement funds withdrawn and even then a “penalty” in the form of interest for that period is imposed by the State at the rate of 3% per year. The trial court obviously found the withdrawal of retirement funds evidence of a bona fide termination of employment. The State’s contention that appellee did not resign but simply took a leave of absence during the campaign so that his reappointment some 66 days later could be considered a continuation of his original term of office, was properly rejected by the trial court.
Accordingly, the decision of the trial court is reversed insofar as it holds Florida Statutes § 932.06, F.S.A., unconstitutional and is in all other respects affirmed.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, McCAIN and DEKLE, JJ-, concur.

. § 932.06 transferred to § 932.465 (3), Fla.Stat.1971, F.S.A.

. 107 So.2d 9 (Fla.1958).

. Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1966); Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1966); Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886); Toussie v. United States, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970); Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970); Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952).