REED, Chief Judge.
Under F.S., § 924.07(1), F.S.A., 1971, the state appeals from an order dismissing an information filed on 19 May 1972 in the Criminal Court of Record for Orange County, Florida, charging the defendant with two counts of possession of heroin in violation of F.S., § 398.03, F.S.A., 1971. Each offense was alleged to have occurred on 13 April 1972.
The defendant filed a motion to dismiss on 23 August 1972 alleging that the delay between the date of the alleged crime and the date of the arrest (5/22/72) was unreasonable and that it would deny the defendant due process to require him to respond to the charges because by reason of the delay (39 days) he could not remember the events on the date of the alleged offense. The trial court’s order stated that the motion was granted on the basis of the testimony of the defendant and one Ernestine Owens.
Factually it appears from the appellant’s brief that the crime occurred on 13 April 1972 when the defendant allegedly sold an undercover agent a packet of heroin in the city of Orlando, Florida. As the record reveals, the information was not filed until 19 May which was slightly over one month from the date of the alleged offense. The motion to dismiss alleges that the defendant was arrested on 22 May 1972. The legal question involved is whether or not the delay of 39 days between offense and arrest is justification for the dismissal of the information. We know of absolutely no legal basis for such a dismissal under the law of the State of Florida.
According to the state’s brief, the only case cited to the trial court by the defendant was Ross v. United States, 1966, 121 U.S.App.D.C. 233, 349 F.2d 210. (Defendant did not favor us with a brief.) That case is factually distinguishable from the present case. There the federal indictment was issued seven months after the alleged narcotic sale. Ross v. United States, supra, was followed by the D.C. Circuit in Woody v. United States, 1966, 125 U.S.App.D.C. 192, 370 F.2d 214 in a case involving a four month delay (Judge Burger dissenting) and other unusual circumstances. We know of no similar authority in Florida. On the other hand, see F.S., § 932.465(2), F.S.A., 1971 which allows prosecutions to be commenced within two years from the commission of a noncapital crime. See also State v. Bruno, Fla.1958, 107 So.2d 9, 13 where the Florida Supreme Court held constitutional the two year statute of limitation on the prosecution of public officials, which statute (F.S., § 932.465(3), *547 F.S.A., 1971) measures the limitation period from the termination of office — not the commission of the offense.
The order dismissing the information is vacated and the cause remanded for further proceedings.
WALDEN and OWEN, JJ., concur.