QUESTION: Does s. 932.465(3), F.S., relating to the limitations period for criminal prosecutions of state, county, and municipal officers, apply to a municipal police chief who is appointed by the city council and who serves at the pleasure of that council?
SUMMARY: Although no statutory definition of official or officer is provided by s. 932.465(3), F.S., case law has provided a variety of factors to be considered in determining whether a certain governmental position is an office. A review of the factors with respect to the position of municipal police chief compels the conclusion that such position is an office. Thereby, the person holding the position of municipal police chief is an "official" or "officer" as contemplated in said statute. The statute referred to above provides as follows: (3) Offenses by state, county, or municipal officials committed during their terms of office and connected with the duties of their office shall be commenced within two years after the officer retires from the office. In order to determine whether this statute applies to an appointed municipal police chief, it must be determined whether such an individual is an "official" or "officer" within the meaning of the statute. An instructive case is State v. Clyde,299 So.2d 136 (2 D.C.A. Fla., 1974), in which a superintendent of building maintenance was charged with the theft of a typewriter of a value in excess of $100. Upon the granting by the county court of a motion to dismiss the information and an affirmance of the ruling by the circuit court, the State of Florida sought certiorari in the Second District Court of Appeal. At issue was the question of whether or not the defendant was a county official within the meaning of s. 932.465, F.S. The Second District in granting the petition stated that: [n]o very satisfactory legal definition of "official" appears in case law. Accordingly, each case has been considered largely on its own merits applying certain criteria. Such criteria may consist, in whole, or part, of whether: the position was established by constitution, statute, charter or ordinance; the position involves continuous exercise of public power, trust or duty; the position requires an oath or bond; as well as other factors which may be pertinent in a given case. (Citations omitted.) The Florida Supreme Court in State ex rel. Swearingen v. Jones, 84 So. 84 (Fla. 1920), had occasion to delineate the criteria for determining whether a person qualifies as a public officer. The court stated at p. 84: A person in the service of the government who derives his position from a duly and legally authorized election or appointment, whose duties are continuous in their nature and defined by rules prescribed by government, and not by contract, consisting of the exercise of important public powers, trusts, or duties, as a part of the regular administration of the government, the place and duties remaining, though the incumbent dies or is changed; . . . . It is apparent from these cases that the nature of the office of police chief and its rights, responsibilities, appurtenances, and duties must be examined in order to determine if its occupant is subject to the provisions of s. 932.465(3), F.S. From this viewpoint my considered opinion is that the office of municipal police chief sufficiently meets the criteria set out in the case law above so as to fall within the provisions of s. 932.465(3). A municipal police chief exercises the sovereign power of municipal government when he acts within his official capacity. See AGO's 057- 276 and 069-2. He exercises important public powers and retains the trust of the public that he serves. The office of municipal police chief, which may be established by municipal charter or ordinance, normally requires the giving of an oath and/or bond. Often the police chief is commissioned by the city, and obviously the position is one of dignity as well as importance. My conclusion is in accord with that of my predecessor reached in AGO 057-276 mentioned above. There it was determined that the forerunner of s. 932.465, F.S., applied to municipal patrolmen, sergeants, lieutenants, and captains, as well as municipal police chiefs. Futhermore, the conclusion reached here is harmonious with the holding in State v. Dreyer, 265 So.2d 367 (Fla. 1972), wherein the Florida Supreme Court expressly held s. 932.465 constitutional. In that case a deputy constable for the justice of the peace was charged with soliciting and accepting money to influence his actions in his official capacity. The case implies that s. 932.465(3) is applicable to a deputy constable for the justice of the peace. If so, then a fortiori it should apply to municipal police chiefs.