BROWN, APPELLANT, *v.*
TOLEDO MENTAL HYGIENE CLINIC, APPELLEE, ET AL.

[Cite as Brown v. Toledo Mental Hygiene Clinic (1978),
63 Ohio App. 2d 192.]

(No. L-77-269—Decided August 25, 1978.)

*Ms. Doris K. Wohl,* for appellant.
*Mr. Patrick J. Johnson,* for appellee.

BROWN, J.    This is an appeal from a final order of the
Court of Common Pleas of Lucas County determining that the
motion of plaintiff-appellant, Dr. Oril Brown, to show cause
why defendant-appellee, Toledo Mental Hygiene Clinic
(hereinafter "the Clinic"), should not be found in contempt of
court for violation of an earlier injunction, was not well taken,
and denying and dismissing Dr. Brown's motion.

Dr. Brown's motion that the Clinic be found guilty of con-
tempt is based upon the injunction of the Court of Common
Pleas of Lucas County, entered March 3, 1977, which pro-
vides:

"It is hereby ordered, adjudged and decreed that the
Defendant, Toledo Mental Hygiene Clinic, its agents, at-
torneys and any and all other persons and entities in active

concert and participation with it, is permanently enjoined from requiring the Plaintiff to retire from her employment prior to the 30th day of June, next following the Plaintiff's arrival at the age of 70 years."

This injunction was appealed to this court and subsequently affirmed.* While the appeal was pending, however, the Clinic terminated Dr. Brown's employment under the following circumstances.

On May 13, 1977, the employment of Dr. Brown was terminated by the executive director of the Clinic, with the consent of the personnel committee. The letter notifying her that her services were no longer required suggested that she had three options: voluntary retirement, resignation, or immediate dismissal. Dr. Brown filed a grievance pursuant to the grievance procedure then in effect at the Clinic. The executive director denied Dr. Brown's grievance. Dr. Brown took her grievance to the personnel committee. The personnel committee held a grievance hearing, with Dr. Brown and her counsel present, and denied the grievance. Dr. Brown requested that her grievance be heard by the executive committee. Dr. Brown's grievance was heard by the executive committee, with Dr. Brown and her attorney present. Witnesses were present and testimony was taken concerning Dr. Brown's performance. The grievance was denied and the termination upheld. Thereafter, Dr. Brown filed the motion to show cause which is the subject of this appeal.

The first assignment of error attacks the trial court's ruling permitting Attorney Patrick Johnson, counsel of record for the Clinic, to testify as a witness at the contempt hearing. Attorney Johnson was a member of the board of directors and of the personnel committee of the Clinic, as well as its legal counsel. In these varying capacities, he knew all of the background and facts concerning termination of Dr. Brown's employment. He had advised the board, the personnel committee and the executive committee concerning what action to take concerning Dr. Brown's employment and the grievance procedures.

The unusual circumstances in this case, where Attorney Johnson was abundantly familiar with all the relevant facts

---

* See *Brown* v. *Toledo Mental Hygiene Clinic* (1977), 63 Ohio App. 2d 73.

bearing on the factual issues in the contempt proceedings, justified the attorney assuming the role of witness. There is no rule of law to the contrary. Although it may be a violation of professional ethics for an attorney to testify as a witness on behalf of his client without withdrawing from the litigation (see Ohio Code of Professional Responsibility, EC 5-9, EC 5-10, DR 5-102), the attorney is not incompetent to testify because of the relationship, and his testimony is admissible if otherwise competent. *United Parts Mfg. Co.* v. *Lee Motor Products, Inc.* (C.A. 6, 1959), 266 F. 2d 20, 24; Annotation 118 A.L.R. 954; Annotation 9 A.L.R. Fed. 500; 56 Ohio Jurisprudence 2d 515, Witnesses, Section 84.

Moreover, as it appears that Dr. Brown's motion for contempt was addressed to all those parties formerly enjoined, including the agents and attorneys of the Clinic, Attorney Johnson was representing himself at the contempt hearing, and under that circumstance had a right to testify.

Therefore, the first assignment of error is not well taken.

The second assignment of error attacks the substance of the trial court's order denying Dr. Brown's contempt motion, as follows:

"The ruling of the trial court that the defendant had not acted in contempt of the court's previous order enjoining early retirement was in error as it was against the manifest weight of the evidence."

This second assignment of error is also not well taken. The injunction of March 3, 1977, permanently enjoined the Clinic and its agents, attorneys and certain other persons from requiring Dr. Brown to retire prior to June 30, next following her arrival at the age of 70 years. However, the Clinic, by its actions on May 13, 1977, and thereafter, terminated the employment of Dr. Brown by dismissal. Dr. Brown was not compelled to retire and did not retire; she was discharged. Cf. *United States Steel Corp.* v. *Nichols* (C.A. 6, 1956), 229 F. 2d 396, certiorari denied (1956), 351 U.S. 950; *Intl. Assn. of Machinists* v. *General Electric Co.* (1949), 72 Ohio Law Abs. 257.

The record contains no evidence that Dr. Brown's employment had any protected status as to tenure, or that there was any agreement to employ Dr. Brown for any definite period of time. Dr. Brown's employment was an employment at will,

which either party could terminate at any time, for any reason or no reason. See *United States Steel Corp.* v. *Nichols, supra; Harp* v. *Admr., Bureau of Unemployment Compensation* (1967), 12 Ohio Misc. 34, 36; *Fulworth Garment Co.* v. *I.L.G.W. Union* (1913), 15 N.P. (N.S.) 353, 358; *State* v. *Bateman* (1900), 7 N.P. 487, 494; *Mattison* v. *Lake Shore and Mich. So. Ry. Co.* (1895), 2 N.P. 276.

Therefore, we conclude that the Clinic was not in contempt of the order prohibiting retirement of Dr. Brown when it dismissed Dr. Brown from employment.

The judgment of the Court of Common Pleas of Lucas County is affirmed.

*Judgment affirmed.*

POTTER, P. J., and CONNORS, J., concur.