UNITED STATES of America, and Charles A. Bowsher, Comptroller General of the United States, Petitioners,

v.

McDONNELL DOUGLAS CORPORATION, Respondent.

No. 81–1275C(A).

United States District Court, E. D. Missouri, E. D.

Dec. 2, 1981.

Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for petitioners.

Veryl L. Riddle, St. Louis, Mo., for respondent.

## MEMORANDUM AND ORDER

HARPER, District Judge.

This matter is before the Court on respondent's motion to dismiss petitioners' action to enforce an administrative subpoena duces tecum for lack of valid service.

The memoranda and affidavits of the petitioners allege that on March 2, 1981, the petitioners requested that the United States Marshal's office serve an administrative subpoena duces tecum authorized by the Comptroller General of the United States on respondent. Pursuant to mandatory procedure in the Marshal's office, a miscellaneous docket number, 81 MISC. 016, was obtained from the Clerk of the United States District Court for the Eastern District of Missouri. On March 3, 1981, the Marshal filed the return of service in Cause No. 81 MISC. 016. On March 11, 1981, the following memorandum was presented by the United States Attorney's office and ordered by Judge Kenneth Wangelin:

> "Comes now the United States Attorney and requests the Court to permit the withdrawal of the subpoena duces tecum correspondence and United States Marshal's return inadvertently filed on March 2, 1981. Counsel for McDonnell Douglas has no objection to this request."

The return and correspondence was removed from the file and 81 MISC 016 was closed. The Court takes judicial notice of File 81 MISC 016. All that remains in the file is the above memorandum.

On October 14, 1981, pursuant to the General Accounting Office Act of 1980, 31 U.S.C. § 54(c)(2), (Supp.1981), and 28 U.S.C.

§ 1345, the United States of America and Charles A. Bowsher, Comptroller General of the United States, petitioned this court in a new cause, 81–1275C(A), for an order enforcing the subpoena duces tecum allegedly served on McDonnell Douglas on March 2, 1981. A hearing to show cause why the petition should not be granted was set for December 12, 1981. Respondent then filed the motion to dismiss now before this Court, arguing that the withdrawal of the return nullified service on respondent.

Affidavits submitted by both parties conflict on the intended purpose of the withdrawal. The petitioners contend that the withdrawal of the subpoena duces tecum was an attempt to avoid publicity. If this was petitioners' intention, Rule 26(c) could have been utilized to request a protective order. Respondent argues that petitioners agreed to voluntarily dismiss the proceedings to avoid a determination on the merits (Rule 41). Petitioners deny any such agreement.

 Whatever the various contentions of the parties regarding the true purpose of the withdrawal, the plain meaning of the word "withdrawal" is clear, that is, to revoke, rescind, disavow, *Random House Dictionary of the English Language*, 1966; to disengage or remove oneself, *International Ass'n of Machinists v. Electric Vacuum Cleaner Division of General Electric Co.*, Ohio Common Pleas, 136 N.E.2d 167, 168; to abandon, *City of Cincinnati v. Public Utilities Commission*, 30 N.E.2d 797, 798, 137 Ohio State 437. When the return was ordered withdrawn, nothing remained of Cause No. 81 MISC 016, so consequently there is nothing before the Court in Cause 81–1275C(A) for this Court to enforce. Likewise, this Court has no authority to enter a nunc pro tunc order clarifying the order with respect to the withdrawal of the return, nor can it cure or amend service which is the subject matter of a case (81 MISC 016) not before it. Petitioners cannot enforce, amend or cure service in another case simply by filing a new case.

Since there is no Federal or local rule or statute governing the affirmative act of withdrawing the return of service and then trying to enforce that service in a new cause (as contrasted to failure to make a return addressed by Rule 4(g)); since a great deal of time and effort on the part of both parties and this Court could be for naught if service is now found valid, the case proceeds and the service is subsequently ruled nullified by the withdrawal of the return; since the United States Attorney's office should bear the risk of manipulating a procedure that petitioners by choice evoked; and since no prejudice will result to either party by dismissal of the enforcement action at bar; this Court exercises its inherent decision-making power (as reflected in Rule 83) and dismisses petitioners' enforcement action without prejudice.

Accordingly, respondent's motion to dismiss is sustained and the petitioners' action to enforce an administrative subpoena is hereby dismissed without prejudice.