OPINION
Dwain Howell appeals from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment in favor of the Village of New Lebanon, its manager, its mayor, and its council members (hereinafter collectively referred to as "the village").
The facts and procedural history of the case are as follows.
Howell was hired by the village as the Director of Public Services in January 1997. Accordingly, Howell and his wife moved to New Lebanon from Florida. Howell claims that, in his discussions with then-Manager Teddy Ryan, it was apparent that the village expected him to earn Ohio Environmental Protection Agency ("EPA") certification for the operation of a water and sewer plant "in due course," but that his job was not conditioned on obtaining such certification. The village had a different view of this issue. In December 1996, Manager Ryan represented to the council that as "a condition of his employment Mr. Howell will be afforded an opportunity as well as the requirement to expeditiously acquire his Ohio EPA Certification for the operation of a Water and Sewer Plant." Similarly, at a council meeting on January 7, 1997, Manager Ryan told the council that there would be "dire consequences" if Howell failed to obtain the certification and that the certification was "a condition of employment which ha[d] been conveyed with very serious implications" to Howell. The council then voted to appoint Howell.
In January 1997, the village had been eager to have someone in the Public Services Department obtain EPA certification because its compliance with EPA regulations was set to be reviewed in July 1997. At that time, the village was also being fined for wastewater overflow and was not adhering to the EPA's recommendation about the amount of staffing necessary for the water and wastewater plants. Howell was seen as part of the solution to these problems. As long as the village did not have a certified water and sewer plant operator on staff, it had to contract with an outside party to supervise its operations. Manager Ryan apparently hoped that either Howell or another employee in the department, Amy Brandt, would obtain certification to avoid having to hire a contractor and to satisfy staffing requirements. By his own admission, Howell was to serve as a good example for others in the department to obtain their certifications.
The EPA certification test apparently involves three tests of graduated difficulty. Usually, candidates take and pass the lower level tests before taking the upper level tests, but they are not required to do so. The village needed a level two operator for its plant, meaning someone who had passed the level two test. A candidate may not sit for the same test more than once per year.
Howell took the level one EPA test in August 1997 and did not pass. According to Manager Ryan, in January 1998, he delivered a memorandum to Howell "recapitulating" the terms of their earlier agreement, including the requirement that Howell obtain EPA certification "at the earliest possible date legally permissible." Howell was eligible to take the level two test in April 1998. Manager Ryan claims that he informed Howell that he was required to pass the April examination to satisfy the terms of their agreement. Howell did not pass the April exam.
In June 1998, the new Village Manager, Patrick Titterington, issued a memorandum to Howell reviewing the history of his efforts to obtain EPA certification and informing Howell that if he did not pass the level three examination to be taken in October 1998, his employment would be terminated. Howell acknowledges that he was informed of this fact. Howell took the level three exam because he was not yet eligible to retake the level two examination and because passage of the level one examination would not have satisfied the village's staffing needs. Howell did not pass the level three exam. On November 30, 1998, Manager Titterington recommended to council the passage of a resolution removing Howell from his employment with the village. This resolution was passed on December 1, 1998.
On January 19, 1999, Howell filed a complaint alleging intentional infliction of emotional distress and employment discrimination based on age. On November 15, 1999, Howell filed his first amended complaint in which he abandoned the previous causes of action and, instead, asserted a claim for abusive discharge under a public policy exception to the employment at will doctrine. The village filed a motion for summary judgment on March 13, 2000. The trial court granted the motion on May 5, 2000.
Howell raises two assignments of error on appeal.
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING THE DEFENDANT-APPELLEES' MOTION FOR SUMMARY JUDGMENT ON THE ISSUE THAT THE PLAINTIFF-APPELLEE WAS NOT AN AT-WILL EMPLOYEE.
Howell argues that he was an employee at will and that he was wrongfully terminated in violation of public policy. He claims that the trial court should not have granted summary judgment on these issues.
Our review of the trial court's decision to grant summary judgment isde novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158,162. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183; Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 65-66.
Section 4.02(1) of the New Lebanon Charter states that the manager is the chief executive and administrative officer of the village and that the manager has the power to appoint and, when necessary, to remove any of the exempt and non-exempt officers and employees of the village. Section 35.107(A) of the Charter provides, in pertinent part:
 Department Heads shall not be removed except for just cause or for misfeasance, malfeasance, or nonfeasance. The Chief Administrative Officer or in his or her absence, the Municipal Manager, shall be the only person authorized to remove a Department Head. He or she shall prepare the reasons for such removal in writing and shall present the reasons to the full Council. The removal of the Department Head shall then require the approval of a full majority of Council after such recommendation for such removal is made by the Chief Administrative Officer or the Municipal Manager.
Based on Section 35.107(A), the trial court concluded that Howell's allegation that he had been an employee at will could not survive summary judgment. We agree. The charter clearly provides particular bases for removal of a department head; a department head cannot be removed at any time for any reason or for no reason, as is the case with employment at will. See Brown v. Toledo Mental Hygiene Clinic (1978),63 Ohio App.2d 192, 194-195. Rather, he was afforded some protection by the Charter. Thus, the trial court did not err in concluding that there was no genuine issue of material fact with respect to whether Howell had been an employee at will.
The first assignment of error is overruled.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING THE DEFENDANT-APPELLEES' MOTION FOR SUMMARY JUDGMENT ON THE ISSUE THAT THE PLAINTIFF-APPELLANT'S TERMINATION WAS NOT IN VIOLATION OF A CLEAR PUBLIC POLICY WHICH GUARANTEES BASIC FAIRNESS IN THE WORKPLACE-INCLUDING A BASIC FAIRNESS DURING THE TERMINATION PROCESS-WHICH IS IN THE "BROAD SOCIETAL INTEREST."
Howell contends that the manner in which his termination was handled and the political motivation that he claims was behind it violated public policy and that he therefore had a cause of action for wrongful termination.
The supreme court has recognized a cause of action for wrongful discharge in violation of public policy, which allows an at will employee to sue his employer for wrongful discharge if he can show a sufficiently clear public policy which supports his claim that the circumstances surrounding the termination or the reasons therefore violated public policy. Greely v. Miami Valley Maintenance Contr., Inc. (1990),49 Ohio St.3d 228, paragraph three of the syllabus. Because Howell was not an at will employee, as discussed supra, this cause of action was unavailable to him. Thus, the trial court did not err in granting summary judgment.
The second assignment of error is overruled.
The judgment of the trial court will be affirmed.
 __________________ WOLFF, J.
BROGAN, J. and YOUNG, J., concur.