Tatum Brothers Real Estate & Investment Company, a Corporation, *Appellant,* v. Anna McSweeney, *Appellee.*

Opinion Filed July 7, 1919.

Petition for Rehearing Denied July 26, 1919.

1  Under Section 1432 General Statutes any pleading in any case may be amended upon proper application therefor and upon such terms as the court may impose.

2. Where charges are given in a case and the charges are not unfair to the complaining party, and the whole of the court's charges is not brought to the attention of the appellate court, it will be assumed that the issues involved were fairly submitted to the jury.

3. A verdict and judgment for punitive damages for an amount not so excessive as to shock judicial conscience, or show improper influence upon the jury, will not be disturbed upon an appeal, where under the law a verdict for punitive damages could be sustained.

An Appeal from the Circuit Court for Dade County; H. Pierre Braning, Judge.

Judgment affirmed.

*Shutts, Smith & Bowen* and *G. C. McClure*, for Appellant;

*A. J. Rose*, for Appellee.

HORNE, Circuit Judge.—The plaintiff brought an action of trespass against the defendant in the Circuit Court of Dade County, Florida, alleging that with force and arms defendant broke and entered upon and into a dwelling house of the plaintiff, making great noise, etc., and remained in such house for 34 days, etc., etc. The trespass is alleged to have commenced on November 15th, 1916, and continued for said 34 days. The other two counts of the declaration are somewhat similar. The defendant relied upon a plea of not guilty. During the trial the plaintiff by order of the court upon her motion was allowed to amend her declaration by making the date read "14th" instead of 15th.

There was no error in allowing such an amendment, under our statute, Sec. 1432, General Statutes, 1906, and this disposes of many of the assignments of error.

There were objections to testimony and motions to strike testimony by defendant, assigned as error. The court below was very liberal to the defendant in the matter of admission and rejection of evidence, and the writer is unable to find harmful error to defendant in the rulings complained of.

The giving of certain charges are assigned as error. The charges appear not to be unfair to the defendant, and the writer assumes that the charge as a whole fairly submited the issue and the question of damages to the jury. It seems to be conceded by counsel in argument that the charges were given at defendant's request, and this concession would estop the plaintiff in error from complaining about the giving of charges requested by it.

The defendant requested two charges, and assigns the court's refusal to give them as error. This was not a case for an affirmative charge for defendant, and what has been said about the issue having been submitted fairly to the jury disposes likewise of assignment of error No. 23.

The sufficiency of the evidence to support a verdict for punitive damages in the sum of $500.00 is questioned by the remaining assignment of error. The assumption is that the jury were correctly instructed as to the law of the case and when such damages could be awarded, and in allowing the sum they did that they acted from a consideration of the evidence and of the facts and circumstanecs of the case. It appears that the plaintiff was the owner of the property in question. She went to Atlantic City leaving the house unrented and unoccupied,

and the key with her attorney for safe-keeping, with the statement that it would not be rented; that she wanted to sell it. The defendant well knew this at least on November 13th, 1916, and before the trespass complained of and about in this case, and before that time had borrowed a key for the purpose of showing it to some one, was denied the use of the same key afterwards, and apparently at their own risk used a skeleton key to go in the house for some reason. The defendant's business as its name indicates was apparently at least in part that of acting for others in matters concerning real estate, and the evidence required the jury to find that the trespass was committed without authority, and against the will and wishes of the plaintiff. That the house was occupied against her will and without authority by a person to whom the defendant had attempted to rent it, and this would not have been, but for the unauthorized conduct of the defendant. The defendant not only acted without authority, but against the known wishes of the owner of the property, and the writer thinks the verdict was supported by the evidence. "The test in such cases, is not what the appellate court thinks the jury should have done, or what such court thinks it would have done had it been sitting as a jury in the case, but whether as reasonable men the jury could have found the verdict that they did find." Hobbs v. State, 77 Fla. 228, 81 South. Rep. 444.

The writer thinks that great care and caution is required of any one assuming to act for and in the name and stead of another, and such an one must be sure that no power be exercised or attempted unless clearly within the scope of delegated authority, hence the rule that a principal is only bound by the act of an agent

when acting within the scope of his employment or agency. The agent, however, binds himself *ex contractu* or *ex delicto* in every such instance and is responsible in damages to any one injured thereby.

The writer thinks the judgment of the Circuit Court should be affirmed, with costs.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the judgment herein be and the same is hereby affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.