THE J. R. WATKINS COMPANY v. E. ALEXANDER EATMON, JAMES THOMAS HUNTER and LOUIE D. JOHNS.

191 So. 199
Division B
Opinion Filed September 29, 1939

*William E. Rivers,* for Plaintiff in Error;

*F. B. Harrell,* for Defendant in Error.

CHAPMAN, J.—Plaintiff in error, The J. R. Watkins Company, brought suit ·in the Circuit Court of Hamilton County, Florida, against E. Alexander Eatmon, James Thomas Hunter and Louie D. Johns to recover the sum of $506.98 claimed as a balance due the plaintiff below by E. Alexander Eatmon, on the 25th day of September, 1930, under the terms of a written contract. That James Thomas Hunter and Louie D. Johns, jointly and severally by their written contract promised and agreed to guarantee payment of the aforesaid indebtedness and additional and subsequent sales were made by plaintiff in error to the said E. Alexander Eatmon which made the balance due by the defendants under the guarantors' written contract the total sum of $529.91.

Suit was brought on the guarantors' written contracts signed by the defendants under one special count, and pleas thereto were, viz.: (a) payment; (b) did not promise as alleged; (c) the cause of action did not accrue within the five-year period before the suit.

The case was submitted to a jury and a verdict rendered in behalf of the defendants. Judgment final in behalf of the defendants was entered in the lower court.

Writ of error was taken to the final judgment and the case is here for review and the point to be determined is whether or not the evidence adduced was sufficient to sustain the plea of payment. The lower court so held when it overruled or denied a motion for a new trial on the sufficiency of the evidence to sustain the verdict.

The evidence shows that the plaintiff was the manufac-

turer of patent medicines and other articles at its principal place of business at Winona, Minnesota, and the defendant Eatmon was its salesman and assigned to Madison County territory. The business transacted was largely among the farmers. The salesman would make sales of his stock of medicines from a truck or automobile and it frequently became necessary for him to order articles from the plaintiff and necessarily the relation of debtor and creditor existed between the plaintiff below and the defendant.

The plaintiff required the defendant, prior to transacting business with him to sign and obtain the signatures of two guarantors to a written contract whereby the salesman Eatmon, and his sureties obligated themselves and each promised to pay the balance that may accrue and become due from time to time by the salesman to the plaintiff. The guarantors' written contract sued upon was dated September, 1930, and at that time there was a balance due by Eatmon to the plaintiff in the sum of $506.98, and the guarantors' written contract embraced this item, and subsequent items brought the total amount sued for to the sum of $529.91.

The salesman would travel his territory, make sales, and send the money to the plaintiff. The plaintiff would credit the salesman on its books for all moneys received or for merchandise returned, and would charge as against his account on plaintiff's books goods and merchandise sent to him pursuant to orders received. This course of dealing lasted over a period of several months.

The plaintiff, during the process of the trial, adduced testimony of the officer of the plaintiff taken by deposition. The evidence shows a full and complete record of all the business transactions between the parties taken from the books of the plaintiff; shipping records, receipts of money

and the return of unsold merchandise and established the balance due the plaintiff in the amount stated in the declaration. The defendant testified that the records of the plaintiff were correct as to the items shown, but were inaccurate in failing to give him credits to which he was entitled and, if allowed, would disclose that he had fully paid the plaintiff. It was a question of fact to be decided by a jury, or, in other words, purely a jury question.

The record here fails to include the instructions of the trial court to the jury upon the law of the case and upon appeal, this Court will presume that the trial court correctly instructed the jury when the case was submitted. See Crawford v. State, 86 Fla. 94, 97 So. 288; Boswell v. State, 20 Fla. 869; Tatum Bros. Real Estate & Invest. Co. v. McSweeney, 78 Fla. 89, 82 So. 605; Younglove v. Knox, 44 Fla. 743, 33 So. 427.

The plea of payment, it is contended, is fully sustained by the testimony of the defendant to the effect that he bought, from time to time, large quantities of goods from the plaintiff, and upon severing his relationship with the plaintiff, returned to it all the goods then on hand, together with the money for the merchandise sold, but failed to preserve all the receipts received from the plaintiff for moneys paid and goods returned. He testified that the plaintiff failed to give him credit for money sent, as well as merchandise returned, and further testified that he paid to the plaintiff $34.00 more than he was due it. He offered in evidence a statement of transactions had with the plaintiff. The plaintiff contended that its records and books were honestly and accurately kept and reflected a correct statement of the amount due by the defendant to the plaintiff, as shown by the testimony of witnesses in its behalf taken by deposition. The lower court held that the

conflict in the testimony was a question for the jury to decide.

This Court, by an unbroken line of decisions, has held that the guiding principle controlling an appellate court is not what it may think the jury ought to have done, or what such court may think it would have done had it been sitting as a jury in the case, but whether as reasonable men the jury could have found such verdict upon the evidence. If this question can be answered in the affirmative, the ruling of the trial court in denying a motion for a new trial should not be disturbed. See Cobb v. Twitchell, 91 Fla. 539, 108 So. 186, 45 A. L. R. 865; Triay v. Seals, 92 Fla. 310, 109 So. 427.

Where there is evidence legally sufficient to support the verdict, the appellate court will not reverse a ruling of the trial court refusing a new trial on the ground of insufficiency of evidence, even though there be a conflict in the evidence, unless the preponderance is such that the jury may have been improperly influenced to render the verdict. We think there is sufficient evidence in the record to sustain the verdict. The record fails to show an abuse of sound judicial discretion when it overruled the motion for a new trial on the ground of insufficiency of the evidence to sustain the verdict. See Cheyney v. Roberts, 77 Fla. 324, 81 So. 475; Anthony Farms Co. v. Seaboard Air Line Ry., 69 Fla. 188, 67 So. 913.

We have carefully read the record and the briefs of counsel for the respective parties, examined the authorities cited, and are of the opinion that reversible error has not been made to appear in the record.

The judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.