HENDRY, Judge.
This is an appeal from a summary final judgment entered in favor of the defendant in a negligence action wherein the defendant was charged with negligence which caused the plaintiff, Lillian Rothenberg, to trip and injure herself when her heel caught on a raised edge of a rug on the floor in the lobby of the defendant’s hotel.
Viewing the record, as we must, in the light most favorable to the plaintiff,[1] it shows that the plaintiffs, Mr. and Mrs. Rothenberg, were paying guests at the defendant’s hotel in Miami Beach; that on the evening of June 26, 1960, as the plaintiffs were walking through the lobby of the hotel, Mrs. Rothenberg caught her heel on a raised edge of a large rug, covering the center area of the spacious lobby, causing her to fall and injure herself. Mrs. Rothenberg did not see what caused her to fall, but felt something “grab, pull or hold” her heel, causing her to fall.
Immediately after the accident the edge of the rug was observed to be leaning against a large pillar, causing it to extend a few inches up off the floor at the point where she fell. There was testimony from the plaintiffs and defendant’s bell captain that the rug was raised and turned up around the base of the pillar. Both Mr. and Mrs. Rothenberg stated that the raised edge of the rug was the cause of her fall.
*840 The defendant moved for a summary-final judgment supported by depositions, affidavits and exhibits. Upon hearing, the motion was granted and summary final judgment was entered for the defendant. This appeal followed.
The plaintiffs’ appeal raises one question, i. e., “Whether the court below erred in granting summary final judgment in favor of the defendant on the ground that no genuine issue of fact existed as to its liability for Mrs. Rothenberg’s fall.”
The general principles governing the -entry of summary final judgment are well established. It is authorized only where the pleadings, affidavits, depositions and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
In Jacobi v. Claude Nolan, Inc., Fla.App. 1960, 122 So.2d 783 it was said:
“It is settled that a summary judgment should never be entered where there is a genuine issue of material fact to be tried. In determining whether a motion for summary judgment should be granted in a particular case, the rule is that if the evidence before the court on the motion ‘raises the slightest doubt upon any issue of material facts, if it is conflicting, if it will-permit of different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it,’ and the motion should be denied. Crovella v. Cochrane, Fla.App., 102 So.2d 307, 310.”
It is the appellants’ contention that the record clearly shows that there are issues of fact that can not properly be resolved on motion for summary judgment.
The appellee contends that the plaintiffs’ evidence, viewed in its most favorable light to the plaintiffs, does not show any genuine issue of material fact and that it was entitled to a judgment as a matter of law. It is argued that the plaintiffs’ evidence consists of no more than an inference resting upon an inference, and that the initial inference can not be established to the exclusion of any other reasonable inference. The appellee, in support of its argument, relies heavily upon the cases of Commercial Credit Corp. v. Varn, Fla.App.1959, 108 So.2d 638 and Voelker v. Combined Insurance Company of America, Fla.1954, 73 So.2d 403.
In Commercial Credit Corp. v. Varn, supra, the plaintiff, Varn, testified that she did not see any banana peel or foreign substance on the floor and that she did not know what she slipped on. Other witnesses testified that they looked at the floor immediately at the time of the fall and there was absolutely no object or other substance on the floor. The court held, inter alia, that the evidence on the salient points dealing with the presence of negligence as the cause of the fall, was insufficient to present to a jury question since it was founded upon inferences based upon inferences. The jury would have to infer that the defendant was negligent in the maintenance of its floor; that such negligent maintenance produced a dangerous condition of the floor which in turn existed at the time the plaintiff walked over it; that such inferred dangerous condition was the proximate cause of the plaintiff’s skidding. This can not be done.
In Voelker v. Combined Insurance Company of America, supra, Voelker’s body was found floating in a canal about eight feet in front of his car. There were no eyewitnesses to the accident and no marks, abrasions, or other indications of external injury, were found on Voelker’s body. His eyeglasses were still in place. The insurance policy under which Voelker was insured, contained a provision which covered him in the event he was injured while driving and, if death resulted, such injuries were the “sole cause” of his loss of life. Our Supreme Court held that a jury could justifiably infer, from its prior inescapable inference that Voelker met with an acci *841 dent, that he had received bodily injuries while actually driving his automobile. However, the court held that these prior inferences were not such as would warrant the further inference that such injuries were the “sole cause” of his death within the policy provisions.
We find that the above mentioned cases are factually distinguishable from the instant case and that the inference upon inference rule does not apply here so as to entitle the defendant to a summary final judgment. A genuine issue of material fact was presented.
Accordingly, the judgment appealed is reversed and the cause is remanded for further proceedings.
Reversed.

. Warring v. Winn-Dixie Stores, Inc., Fla.App.1958, 105 So.2d 915.