PER CURIAM.
Dwight B. Burley appeals from an adverse final summary judgment for the defendant below, Ray Mummery.
Dr. Burley sued Dr. Mummery and sought an accounting and damages. Dr. Mummery generally denied the pertinent allegations of the complaint and pled three affirmative defenses. Both parties moved for summary judgments on the ground that there were no genuine issues of material fact to be determined and that they were each entitled to summary judgments as a matter of law. The trial court found that there were no genuine issues of fact and rendered a final summary judgment for the defendant, Dr. Murnmery.
The facts pertinent to this appeal are that the parties were associated together for a period of time in the general practice of medicine in the same premises. They each maintained a separate medical practice but entered into written agreements delineating their financial relationship and obligations.
Under the agreements, Dr. Burley was to maintain the lease on the premises, furniture, furnishings and fixtures and pay the rental thereon. Dr. Mummery was to pay to Dr. Burley a specified rental for the portion of the premises used exclusively by him. Dr. Mummery was to pay certain rentals to Dr. Burley as his share of the rental for the portion of the premises *262 and equipment used jointly by the parties. In addition, the ordinary costs and expenses incurred in the operation of the medical offices were allocated between the two doctors. They agreed to share certain specified expenses. Certain other expenses which each party was to bear individually were specifically excluded from the shared expenses. Other provisions of the agreement provided for the maintenance of accurate records, the employment of an accountant by the parties, the rendering of statements, and the creation and maintenance of a joint checking account. Termination of the agreement and the rights and obligations of the parties in respect to such termination were provided for in paragraphs 12 through IS.
Paragraph 15 of the agreement provided :
“15. That the parties hereto recognize costs and expenses are incurred to create accounts receivable and in the event this agreement is terminated the accounts receivable of the Second Party [Dr. Mummery] shall be valued at the date of such termination as follows:
Accounts not older than three (3) months -100%
Accounts three (3) to six (6) months old -75%
Accounts six (6) to nine (9) months old -50%
Accounts nine (9) months old to twelve (12) months old -25%
Accounts older than twelve (12) months -0%
The Second Party [Dr. Mummery] shall pay to the First Party [Dr. Burley] the percentage of the value of such accounts receivable computed by determining the average percentage of expenses paid by the Second Party for six (6) months prior to the termination of this agreement. Such sums due by the Second Party shall be paid to the First Party in six (6) equal monthly installments beginning thirty (30) days after termination, without interests.”
The parties apparently had difficulties and the agreement was terminated. The affidavits in the record reflect that the certified public accountant who had previously represented both parties was given copies of their written agreement and at the “request of the parties audited the joint checking account * * * and prepared monthly financial statements determining the percentage each would pay for the jointly used area and the mutual expenses.”
The first computation prepared and submitted to the parties by the C.P.A. indicated that Dr. Mummery owed Dr. Burley $1,164.40 and contained the following note: “This report does not take into consideration accounts receivable.”
Dr. Mummery conferred with the C.P.A. and others and disputed certain items in that computation. In the affidavit of Dr. Mummery, he swears he advised these parties, prior to May 21, 1968, “that he was not obligated for and did not intend to pay Dr. Burley any portion, percentage or sums of money related to accounts receivable and due to affiant.”
On May 21, 1968, the C.P.A. prepared and submitted to the parties a document which he entitled “Amendment One of Computation of Charges and Credits Due D. B. Burley, M. D. from Ray Mummery, M. D. as of March 23, 1968.” This amendment showed a corrected balance due of $1,013.83 and reflected an adjustment of certain credits and debits between the doctors.
The affidavit of the C.P.A. reflects that this amended computation in the amount of $1,013.83 was shown to Dr. *263 Mummery, and that he agreed to pay this amount. The C.P.A. further swore that “such statement settled monies to he paid by Dr. Mummery to Dr. Burley for mutual expenses, the common area used by Dr. Mummery alone and depreciation usually considered only in the year end report, however, on the front of the statement af-fiant set forth the following note: “This report does not take into consideration accounts receivable.”
Dr. Mummery, on May 24, 1968, forwarded his check in the amount of $1,013.-83, payable to Dr. Burley. On the front of the check was the handwritten legend “payment in full of all obligations of Ray Mummery, M. D. to D. B. Burley.”
Dr. Burley cashed this check. The trial court ruled in the final summary judgment that this constituted payment in full and was a satisfaction of the obligation between the parties by finding as follows:
“1. That the plaintiff and the defendant are medical doctors, who had an agreement to share space in a building owned or controlled by the plaintiff; that that agreement was terminable on sixty (60) days notice; that the agreement provided that the doctors were to each pay a percentage of the common expenses incurred in the operation of their medical offices.
2. That the agreement provided that on termination of the agreement, the defendant doctor was to pay a percentage of the value of his accounts receivable, according to an aging formula, which percentage was the average percentage of the common expenses paid by the defendant doctor for the six (6) months preceding termination.
3. That on April 1, 1968, the agreement was terminated by mutual agreement of both plaintiff and defendant and thereafter the accountant for the parties prepared an accounting of the amounts due by the defendant doctor; that the amount ascertained by the accountant to be due, as well as the obligation to pay a percentage of the defendant’s accounts receivable, was disputed by the defendant doctor; that after conference with the accountant the defendant doctor mailed to the plaintiff doctor his check in the amount of One Thousand Thirteen Dollars and Eight-Three Cents ($1,013.83), which check clearly bore on the fact of it, the following language:
‘Payment in full of all obligations of Ray Mummery, M.D. to D. B. Burley, M.D.’
That the defendant accepted this check and deposited it to his account and received the proceeds thereof.
I find therefore, that there was a genuine dispute between the parties and that the plaintiff accepted a sum of money evidenced by a check plainly marked, ‘payment in full’.
Based upon these findings, it is
CONSIDERED, ORDERED AND ADJUDGED as follows:
A. That from the pleadings and affidavits filed in this cause there is no genuine issue as to any material fact.
B. That a genuine dispute existed between the parties and that the defendant gave the plaintiff and the plaintiff accepted a check marked ‘payment in full’; that under the law this constitutes such payment in full and is a satisfaction of the obligation.”
We disagree with the finding of the trial court. It appears that the able trial judge was induced into error here by the contention of the parties below that there was no genuine issue of material fact to be tried in this cause. Shaffran v. Holness, Fla.1957, 93 So.2d 94.
A review of the record on appeal indicates that there is a genuine issue of mate *264 rial fact to be determined as to whether there was a genuine meeting of the minds between the parties concerning the check of May 24, 1968. The record indicates, op an inference can be drawn therefrom, that Dr. Burley considered and accepted the check of May 24, 1968, only as payment of the obligation due him by Dr. Mummery for mutual expenses, rental and those sums which might be due as common expenses incurred in the operation of their medical offices, as reflected by the amended computation prepared by the C.P.A.
The record reflects, or an inference can be drawn therefrom, that Dr. Mummery considered the check of May 24, 1968 as payment in full “of all obligations” to Dr. Burley, including any obligations which might be due to Dr. Burley for accounts receivable under paragraph 15 of the written agreement. Cf. Best Concrete Corp. v. Oswalt Engineering Serv. Corp., Fla.App.1966, 188 So.2d 587 and J. R. Watkins Co. v. Eatmon, 140 Fla. 144, 191 So. 199 (1939).
In the absence of a conclusive showing of a genuine meeting of the minds of these parties as to the intended effect of the check there can be no summary final judgment. Both parties have raised and argued extensive and thorough questions of law explaining their positions on the validity of the summary final judgment. At this juncture, we do not rule on the questions of law argued by the parties to this appeal.
We simply hold that there was a genuine issue of material fact to be determined by the trier of fact and that in the absence of a conclusive showing of a meeting of the minds of these parties, the summary final judgment heretofore entered cannot stand.
For these reasons, the summary final judgment herein appealed be and the same is hereby reversed and this cause remanded to the trial court for further action consistent herewith.
It is so ordered.