PER CURIAM.
This is an interlocutory appeal to review an order striking defendants’ affirmative defense with leave to amend.
Plaintiff, Washington Federal Savings and Loan Association of Miami Beach, ap-pellee, filed a complaint to foreclose mortgage and named as defendants, Joseph and Barbara Zito. Defendants answered and alleged in their answer the following affirmative defense:
“AFFIRMATIVE DEFENSE
“1) The Plaintiff, having advanced the note, the Defendant affirmatively states that the note was not in default and the Plaintiff had ample funds of the Defendant’s to apply to the note.”
* * * * * *
Subsequently, plaintiff filed a motion for summary judgment and after a hearing, the trial judge entered the appealed order finding that the motion of plaintiff was premature in that defendants’ affirmative defense, to which plaintiff had not responded, was not sufficiently definite in its terms for the plaintiff to file a response. Thereupon, the judge ordered that (1) the defendants shall have until February 24, 1975 in which to file an amended affirmative defense; (2) plaintiff shall have until March 3, 1975 to file a response thereto; and (3) the hearing on plaintiff’s motion for summary judgment be deferred pending the filing of the above pleadings.
Appellants argue that the court erred in determining that the defendants’ affirmative defense was not sufficiently definite in its terms.
First, that portion of the affirmative defense alleging that the note was not in default does not constitute an affirmative defense, but is merely a denial. See 25 Fla.Jur. Pleadings § 24 (1959) and cases cited therein.
We then considered the affirmative defense, as alleged by the appellants, that “the Plaintiff had ample funds of the Defendants to apply to the note.”
As in plaintiff’s statement of claim, the requirement of certainty will be insisted upon in the pleading of a defense; and the certainty required is that the pleader must set forth the facts in such a manner as to reasonably inform his adversary of what is proposed to be proved in order to provide the latter with a fair opportunity to meet it and prepare his evidence. See Citizens National Bank of Orlando v. Youngblood, Fla.App.1974, 296 So.2d 92; *177 Walker v. Walker, Fla.App.1971, 254 So.2d 832; 25 Fla.Jur. Pleadings § 23 (1959) and 61 Am.Jur.2d Pleading § 136 (1972).
The affirmative defense pled by the defendant-appellants fails to meet the requisite degree of certainty and, therefore, we conclude that the trial judge did not err in entering the appealed order.
Affirmed.