HALL, Judge.
The lessee of a condominium laundry facility appeals a lower court judgment in favor of lessor condominium on a three-count action for breach of lease agreement, forcible entry and wrongful detainer, and trespass to real and personal property.
We affirm the lower court’s summary judgment dismissing appellant’s claim for breach of a lease agreement but reverse the summary judgment as to the remaining two counts for forcible entry and wrongful detainer and trespass.
Appellant Bay & Gulf Laundry Equipment Company, Inc., managed coin operated laundry facilities for condominium associations, apartments, and mobile home parks. On or about June 10, 1980, appellant’s president entered into an agreement with the secretary of appellee Chateau Tower, Inc., by which appellant leased space in appellee’s condominium to manage and operate a laundromat.
The lease was to run six years from the first of the month following the installation of appellant’s laundry machines. Appellant’s machines were installed in June of 1980, and therefore, the lease commenced July 1, 1980.
On June 15, 1984, appellee removed appellant’s equipment and effectively dispossessed him. This prompted appellant to file a three-count complaint against appel-lee alleging breach of lease, forcible entry and wrongful detainer, and trespass to real and personal property.
As to appellant’s first count for breach of the lease, appellee argued below that section 718.302(l)(e)lc, Florida Statutes (1983), expressly limits the enforceability of this agreement to four years from its execution because it was entered into by the developer prior to the formation of the condominium association. We agree and therefore uphold the trial court’s dismissal of appellant’s complaint for breach of the lease agreement.
Appellant moved for summary judgment on the second' and third counts of its original complaint and offered the supporting affidavit of its president, Jeff Huenink, in which it was alleged that appellee removed his company’s equipment without the service of any legal process, thus depriving it of profits from its business operations and the reasonable rental value of the premises.
Appellee’s motion for summary judgment alleged that the original lease was entered into by the condominium’s developer and that, subsequent to this lease, control of the condominium association had been transferred from the developer to the unit owners. Appellee further alleged in its motion that it had requested appellant on April 13, 1984, to remove its equipment on June 10, 1984, four years after the commencement of the lease.
Appellee submitted the affidavit of Diana Bennet, the association’s secretary, along with exhibits supportive of its allegations concerning the transfer of the association’s control from the developer to the unit owners.
Appellee did not respond to the issue of its service of process upon appellant prior to the entry upon the leased premises and *615 removal of appellant’s laundry machines. Appellee concedes in this appeal that such issue of service may constitute an unresolved issue of fact but that it was immaterial in view of the clear legislative mandate that a lease of this nature cannot be enforced beyond four years.
We disagree with appellee’s overly broad interpretation of this statute and deem the lower court’s summary judgment incorrect, given the gamut of unresolved factual issues.
It is not at all certain that the statute authorized appellee to remove the equipment without a court order. Such a statutory construction would appear to preempt section 82.01, Florida Statutes (1983), which arguably bears application here.
Nor is it clear when the enforceability of the lease expired: June 15, the date of its contractual agreement, or July 1, the date of its legal effect.
We do not necessarily resolve these issues here; rather, we find the lower court’s summary judgments erroneous as to counts II and III of appellant’s complaint. There was no clear finding below of either statutory intent or expiration date of the contract.
Accordingly, the summary judgment in favor of defendant as to counts II and III is hereby reversed and the cause remanded for further proceedings thereon. Otherwise, the summary judgment is affirmed.
SCHOONOVER, A.C.J., and LEHAN, J., concur.