RAMIREZ, J.
South Florida Coastal Electric, Inc. appeals a summary judgment entered in favor of Treasures on the Bay II Condominium Association, Inc. The summary judgment eliminated South Florida’s claim for payment for electrical work on Treasures’ building. We reverse because the trial court granted summary judgment based on an affirmative defense for which the record reveals material issues of fact.
KMC, a developer, established Treasures as part of a condominium conversion project. KMC filed a declaration of condominium in 2005. At the time, KMC controlled the association, and Mike Flood, one of its officers, served as the association’s manager. KMC contracted with South Florida to perform electrical work on certain developer-owned units and com *266 mon areas in the building. South Florida performed the work and billed Treasures, but some of the bills have not been paid.
South Florida obtained a judgment for payment against KMC. South Florida, however, did not include Treasures in its suit against KMC. South Florida sued Treasures on a theory that Treasures is jointly and severally liable to South Florida for payment for the work performed on the property. In the trial court, Treasures successfully argued it was not required to pay for South Florida’s work because KMC, not Treasures, entered into the contract with South Florida.
The pleadings in this case describe a dispute over whether Treasures agreed to pay South Florida. In its complaint, South Florida alleged Treasures and South Florida “entered into a written contract to perform electrical contracting services and related improvements to [Treasures’ building].” South Florida further alleged it “performed electrical contracting services for [Treasures],” and that South Florida “invoiced [Treasures] for said services, but [Treasures] has failed to pay.” South Florida alleged Treasures refused a demand for payment. South Florida attached its claim of lien to its complaint, which lists the property at issue as Treasures on the Bay and Treasures on the Bay II and the owners of the property as Treasures on the Bay II Condo'Association, Inc., and KMC EC II, LLC.
In its answer, Treasures alleged as affirmative defenses:
8. At all times material to the complaint, the property described therein and which was the subject of the complaint was under the control of the developer. Pursuant to Fla. R. Civ. P. 1.221, the members of the Association cannot be joined as a class while the Association was in the control of the Developer.
11. There never was a contract or any other agreement between Plaintiff and Defendant.
Thus, the invoices were incorporated by reference into South Florida’s Complaint, and due to Treasures’ allegations in response, the issue became whether the reference on those invoices to “Treasures on the Bay” was to Treasures or KMC.
Summary judgment is proper only if no genuine issue of material fact exists and if the moving party is entitled to a judgment as a matter of law. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Under the summary judgment rule, to address this issue, the trial court examines the pleadings, as well as the “affidavits ... depositions and other materials” on record with the trial court. See Fla. R. Civ. P. 1.510(c). Our standard of review for summary judgment is de novo. Volusia Cnty., 760 So.2d at 130. In reviewing a summary judgment, this Court “must consider the evidence contained in the record, including any supporting affidavits, in the light most favorable to the non-moving party ... and if the slightest doubt exists, the summary judgment must be reversed.” Krol v. City of Orlando, 778 So.2d 490, 492 (Fla. 5th DCA 2001); see also Villazon v. Prudential Health Care Plan, Inc., 843 So.2d 842, 853 (Fla.2003) (quoting Shaffran v. Holness, 93 So.2d 94, 97-98 (Fla.1957)); Rothenberg v. Leevans Corp., 155 So.2d 839, 839 (Fla. 3d DCA 1963). Thus, in this case, we must view the record in the light most favorable to South Florida.
A judgment must be based upon a claim or defense that was either properly pled or tried by consent of the parties. See Goldschmidt v. Holman, 571 So.2d 422, 423 (Fla.1990) (requiring that the pleadings state ultimate facts in support of *267 a legal theory upon which judgment is to be granted); Agrofollajes, S.A. v. E.I. DuPont De Nemours & Co., 48 So.3d 976, 996 (Fla. 3d DCA 2010) (analyzing the pleadings and determining that both the claim and defense were sufficiently evident from the pleadings and record, and rejecting the theory that failure to plead a specific theory barred recovery). A properly pled affirmative defense includes ultimate facts sufficient to provide notice of the proof the defendant intends to rely upon to defeat the plaintiffs claim. Zito v. Wash. Fed. Savings & Loan Ass’n of Miami Beach, 318 So.2d 175, 176 (Fla. 3d DCA 1975) (concluding trial judge properly struck an affirmative defense). Summary judgment on an affirmative defense to the complaint is only appropriate if there is no material dispute regarding the facts alleged in support of the defense. See, e.g., Bay & Gulf Laundry Equip. Co. v. Chateau Tower, Inc., 484 So.2d 613, 615 (Fla. 2d. DCA 1986) (reversing summary judgment for the defendant on certain claims because issues of fact remained regarding an asserted defense); Burley v. Mummery, 222 So.2d 261, 263-64 (Fla. 3d DCA 1969) (reversing summary judgment because of a dispute of fact regarding an affirmative defense of accord and satisfaction).
Whether an agency relationship exists is generally a question of fact, and thus disputes regarding the material facts in support of agency will prevent summary judgment. See Villazon, 843 So.2d at 855-56; see also Port Largo Club, Inc. v. Warren, 476 So.2d 1330, 1333 (Fla. 3d DCA 1985). In examining whether agency exists, the principal’s actions are the primary indication of the relationship, and such examination is generally done by the trier of fact unless there is indisputably no connection between the principal and the agent. See Villazon 843 So.2d at 855; Moore v. River Ranch, Inc., 642 So.2d 642, 643-44 (Fla. 2d DCA 1994). Thus, an agent who exceeds his authority cannot create agency and make the principal liable, see Edwards v. Law, 46 Fla. 203, 36 So. 569, 570 (1903), but a principal who fails to repudiate or prevent a previously-authorized agent’s continued representation can be held responsible for the agent’s actions. See Deutsche Credit Corp. v. Peninger, 603 So.2d 57, 58-59 (Fla. 5th DCA 1992).
Summary judgment must be reversed in this case because the record reveals a disputed issue of material fact. The complaint and answer alleged a dispute regarding whether the invoices, which were directed to “Treasures on the Bay,” were for services requested by and rendered to Treasures, KMC, or both. South Florida alleged that it entered into a contract for electrical contracting services and related improvements to Treasures’ building, it performed the services, and was not paid. In response, Treasures alleged it had no contract with South Florida, and that KMC is liable for payment of the invoices. Therefore, the issue of who contracted for the work — Treasures, KMC, or some combination of both — was in dispute and an issue necessary to determine Treasures’ summary judgment motion.
Moreover, the record reflects a dispute regarding whether the person requesting the work was acting for KMC or Treasures. The parties dispute whether Flood represented himself to South Florida as the agent for the developer-controlled Treasures or the owner-controlled Treasures. Consequently, Flood’s agency relationship with these entities must be addressed by the trier of fact. Further evidence may show that Flood acted for Treasures, or Treasures’ failure to object to continued work might have created an apparent agency for Treasures.
For these reasons, we disagree with our dissenting colleague’s conclusion *268 that agency was not raised by the pleadings. Treasures invited the agency analysis through its own vague pleading of affirmative defenses, which reference the developer’s alleged “control” of the property and the absence of “any other agreement” between Treasures and South Florida.[1] By alleging Treasures was under the “control” of the developer, Treasures’ affirmative defense suggested Treasures was challenging the authority of the individual who indisputably accepted the work from South Florida. Similarly, Treasures’ allegation that there was never any contract or other agreement between Treasures and South Florida invites an analysis regarding who asked for and received the work reflected by the invoices to “Treasures on the Bay.” Any ambiguity regarding whether Treasures’ affirmative defenses raised a dispute regarding authority or agency to accept the work should be resolved against summary judgment, as we view the record in the light most favorable to South Florida, the non-moving party below. Moreover, Treasures never argued surprise or prejudice in South Florida’s presentation of the issues in this Court, despite the parties’ discussion regarding agency in their briefs and the extensive facts proffered in support of agency in the trial court.[2]
Treasures further contends that any disputes of fact are immaterial because under Section 718.121, Florida Statutes (2005), it cannot be liable as a matter of law for South Florida’s work. The plain language of the statute does not compel that result. Under the statute:
Labor performed on or materials furnished to the common elements are not the basis for a lien on the common elements, but if authorized by the association, the labor or materials are deemed to be performed or furnished with the express consent of each unit owner and may be the basis for the filing of a lien against all condominium parcels in the proportions for which the owners are liable for common expenses.
§ 718.121(2) (emphasis added). There are issues of fact that must be resolved to determine whether the association authorized the improvements that led to the lien before the statute can apply in this case.
*269 Lastly, the doctrine of judicial estoppel does not require us to affirm summary judgment. Treasures contends the suit against KMC, in which South Florida successfully alleged it had a contract with KMC, estops South Florida from asserting Treasures is liable for payment in this case. Judicial estoppel applies only when a party takes inconsistent positions in separate judicial proceedings and thus causes prejudice to its adversary. Olmsted v. Emmanuel, 783 So.2d 1122, 1126 (Fla. 1st DCA 2001); see also Vining v. Segal, 773 So.2d 1243, 1243 (Fla. 3d DCA 2000). Moreover, to trigger the doctrine, the positions must be “inherently inconsistent.” See Smith v. Avatar, 714 So.2d 1103, 1107 (Fla. 5th DCA 1998) (finding there was no inherent inconsistency in a plaintiffs claiming disability benefits and later claiming his employer had failed to accommodate his disability despite his desire and ability to work). In this case, there is no inherent inconsistency in South Florida’s position that it can recover against both KMC and Treasures for work that it performed on Treasures’ property. Whether the facts support the legal theories are issues for the finder of fact in the trial court.
Accordingly, we reverse the summary judgment entered below, and remand for further proceedings.
Reversed and remanded.
EMAS, J., concurs.

. Treasures' invocation of Florida Rule of Civil Procedure 1.221 further implicates control or agency. The rule provides for standing of a condo association, after control of the association is obtained by unit owners who are not the developer, on behalf of its members to "institute, maintain, settle, or appeal actions ... concerning matters of common interest to the members,” including cases related to the common property or elements, or electrical elements that serve die building. See Fla. R. Civ. P. 1.221(1), (3). Even if applicable, which we do not decide here, this rule’s operation presupposes the unit owners, not the developer, contracted with the suing party, which requires addressing the disputed issue of agency in this case.

. For similar reasons, we disagree with our dissenting colleague that Saralegui v. Sacher, Zelman, Van Sant Paul, Beily, Hartman & Waldman, P.A., 19 So.3d 1048 (Fla. 3d DCA 2009), controls in this case. In Saralegui, plaintiff argued that allegations an individual had acted "in the course and scope of his employment," created an issue of fact. After determining apparent agency was not pled, this Court determined that allegations in the complaint were "contradicted, not established, by the parties' submissions before the summary judgment hearing.” Id. at 1052. In contrast, in this case, South Florida alleged its contract was "with the Defendant [Treasures],” and in response to Treasures' allegations the contract was not with Treasures or was requested by someone else, South Florida offered evidence Treasures accepted the work through Flood on its behalf. The Saralegui court did not address a situation where a defendant received summary judgment based upon its own vaguely-pleaded affirmative defense.