# Third District Court of Appeal

## State of Florida

Opinion filed August 30, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1581
Lower Tribunal No. 16-381
_____

**Armando Montalvo,**
Appellant,

vs.

**Frank V. Rovirosa, III, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Yvonne Colodny, Judge.

Fuerst Ittleman David & Joseph, and Jeffrey J. Molinaro, for appellant.

Aran Correa & Guarch, P.A., and Fernando S. Aran; Bell Rosquete Reyes Esteban, PLLC, and Alexander Esteban; Shutts & Bowen LLP, and Julissa Rodriguez, for appellees.

Before LOGUE, C.J., and HENDON and GORDO, JJ.

GORDO, J.

Armando Montalvo appeals an order of partial final judgment in favor of Frank V. Rovirosa, III, Ricardo Rovirosa ("the Sons") and an order denying his motion for rehearing. We have jurisdiction. Fla. R. App. P. 9.110(k). This case arises from an adversarial proceeding related to the probate estate of Frank L. Rovirosa ("the Decedent"). Specifically at issue is a dispute over the Decedent's alleged ownership interest in Hemisphere International Holding Terminal LLC, which Montalvo seeks to have declared an estate asset based on an alleged oral agreement made in 2004. The Sons moved for partial summary judgment asserting Montalvo's claims were barred by the applicable four-year statute of limitations. Following a hearing, the trial court granted the Sons' motion.

Montalvo contends the trial court erred in granting the motion because the Sons' statute of limitations defense was improperly pled and genuine disputes of material fact remain. Upon review of the record, we find the trial court properly granted the Sons' motion. See S. Florida Coastal Elec., Inc. v. Treasures on Bay II Condo Ass'n, 89 So. 3d 264, 267 (Fla. 3d DCA 2012) ("A properly pled affirmative defense includes ultimate facts sufficient to provide notice of the proof the defendant intends to rely upon to defeat the plaintiff's claim."); Ibarra v. Ross Dress for Less, Inc., 350 So. 3d 465, 467 (Fla. 3d DCA 2022) ("Genuine disputes are those in which 'the evidence is

2

such that a reasonable jury could return a verdict for the nonmoving party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.'" (quoting In re Amends. to Fla. Rule of Civ. Proc. 1.510, 309 So. 3d 192, 194 (Fla. 2020))); Bank of Am., N.A. v. Bank of New York Mellon, 338 So. 3d 338, 341 (Fla. 3d DCA 2022) ("A trial court does not abuse its discretion in denying a motion for reconsideration or rehearing which raises an issue that could have, but wasn't, raised in the initial motion or at the initial hearing.").  Finding no error in the trial court's order, we affirm.

Affirmed.